■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, and JOAN LUPO et al., Appellants. — In a proceeding by the respondent Motor Vehicle Accident Indemnification Corporation (hereafter called "MVAIC"): (a) to stay arbitration of a claim for personal injury asserted by the claimants Joan Lupo and Thomas Frank Lupo (her husband) pursuant to the provisions of an Accident Indemnification Endorsement contained in an automobile liability insurance policy which provided the said Joan Lupo with uninsured motorist coverage (Insurance Law, § 167, subd. 2-a); and (b) to vacate the claimants' demand for such arbitration pursuant to statute (Civ. Prac. Act, § 1458), the claimants appeal: (1) from an order of the Supreme Court, Nassau County, entered October 27, 1961 upon the court's decision after a nonjury trial, which granted MVAIC's application to vacate their said demand; and (2) from an order of said court, entered February 2, 1962, which denied their motion for reargument as to the question whether the injury arose for physical contact with an "unknown automobile." Order of October 27, 1961 reversed on the law, without costs; and proceeding remitted to the Special Term for a hearing and decision on the issue of physical contact and on all other disputed issues raised in the proceeding except those with respect to fault and damages, if any. No questions of fact have been considered. Appeal from order of February 2, 1962, which denied reargument, is dismissed as academic and nonappealable. It appears that on February 21, 1960 a car owned by the claimant Joan Lupo and operated in her presence by the claimant Thomas Frank Lupo (her husband) was involved in an accident in which (it is alleged) physical contact between a "hit and run" automobile and the left front of claimants' car caused its right side to hit a telephone pole. It further appears from a police blotter report that Mr. Lupo stated to the police officer, who had arrived at the scene of the accident after its occurrence, that he (Lupo) had swerved in order to avoid collision with an unknown vehicle. The said report makes no mention, however, of any statement by Mr. Lupo of physical contact with the other car. The record also discloses that on March 22, 1960 claimants filed a notice of claim with MVAIC; that on July 20, 1961, when settlement could not be effected, they demanded arbitration; and that thereupon MVAIC moved

to vacate such demand on two grounds: (1) that since physical contact between the two cars had not been shown, the accident was not of the "hit and run" character contemplated by the statute (Insurance Law, § 617) or by the terms of the insurance policy; and (2) that, although the policy required report of the accident to the police or to the Commissioner of Motor Vehicles "within 24 hours or as soon as reasonably possible," claimants had not reported the accident as one involving physical contact between the two cars. In opposition to the application, the claimants and their two other passengers submitted affidavits to the effect that such contact had in fact occurred. MVAIC's application to vacate the demand was first denied without prejudice to renewal on papers which might warrant a hearing on the issues raised in the proceeding; and, on such renewal, its application was granted to the extent of directing such hearing. After the hearing, during which some evidence of damage to the left side of claimants' car was adduced, the Justice at Special Term in effect found that the accident had not been timely reported to the police as an accident which "arose out of physical contact with a hit and run driver." In our opinion, as a matter of law, such finding was erroneous and concerned an essentially immaterial issue. Under the statute (Insurance Law, § 617) and under the terms of the policy, physical contact between the two cars is a condition precedent to arbitration; and any issue concerning such contact must be determined by the court, not — as the claimants contend — by the arbitrators (*Matter of Motor Vehicle Acc. Ind. Corp. [Downey]*, 11 N Y 2d 995). However, while the policy requires that the accident be timely reported to the police or to the Commissioner of Motor Vehicles (with which requirement, by reason of the police officer's arrival at the scene shortly after the accident, it is conceded the claimants here complied), the policy contains no requirement that physical contact between the two cars also be reported within the prescribed period. Accordingly on the new hearing which we have ordered, the question whether such contact occurred, as well as the question of the claimants' compliance with all other conditions precedent to arbitration, should be determined by the Special Term. However, the factual issues concerning fault and damages (if any) should be determined by the arbitrators in the event that the claimants' demand for arbitration be sustained (*Matter of Rosenbaum [Amer. Sur. Co. of N. Y.]*, 11 N Y 2d 310, 314). Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.