■ CHARLES ABEL, LTD., et al., Respondents, v. SCHOOL PICTURES, INC., Appellant.— Order unanimously reversed and matter remitted to Special Term for a hearing in accordance with Memorandum, with costs to abide the event. Memorandum: The burden of establishing that defendant is doing business in New York is upon plaintiffs (*Lamarr* v. *Klein*, 35 A D 2d 248, 250, affd. 30 N Y 2d 757; *Millard* v. *Binkley Co.*, 28 A D 2d 620). The papers submitted to Special Term on the motion to dismiss the complaint for lack of jurisdiction over the defendant are insufficient to establish that the court has such jurisdiction, and so defendant's motion should not have been unqualifiedly denied. On the other hand, there is some evidence that defendant is doing business in New York. Since defendant movant is in control and possession of the facts which are decisive of this question, the motion should not be determined on the papers alone, but a hearing should be had whereon the jurisdictional facts or lack thereof may be established (*Noble* v. *Singapore Resort Motel of Miami Beach*, 21 N Y 2d 1006; *D'Agostino* v. *Quality Courts Motel*, 35 A D 2d 842; *Grandoe Glove Corp.* v. *Great Eastern Fin. Corp.*, 34 A D 2d 593; *Ellis* v. *Smith Transfer Corp.*, 24 A D 2d 871). (Appeal from part of order of Monroe Special Term, denying motion to dismiss complaint.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD SEAMON, Appellant.— Judgment unanimously modified, in the exercise of discretion, to sentence defendant to a five-year term of probation and case remitted to Herkimer County Court for imposition of conditions of probation as specified in section 65.10 of the Penal Law. Memorandum: Defendant has been incarcerated since July 23, 1971. In reviewing the record before us we find that the sentence was unduly harsh and severe in the circumstances (CPL 470.15, subd. 6, par. [b]). The probation report shows that defendant is married and has no prior record except a conviction for leaving the scene of an accident. The report is generally favorable to him. Because of this report and since defendant has been incarcerated since July 23, 1971, modification of the sentence to a term of probation would be appropriate. By so modifying his sentence, supervision of defendant for a period of five years from the date of conviction is assured. (Penal Law, § 65.00, subd. 3, par. [a].) (Appeal from judgment of Herkimer County Court convicting defendant of criminally selling dangerous drugs, third degree and criminal possession of dangerous drug, fifth degree.) Present — Goldman, P. J., Marsh, Moule and Henry, JJ.