■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PABON, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 3, 1973, convicting defendant-appellant of the crime of criminal possession of a dangerous drug, fourth degree, and sentencing him to an indeterminate term in State prison not to exceed five years, unanimously modified, in the interest of justice and the exercise of discretion, to vacate the sentence and substitute therefor a sentence of probation, and to remand to the Trial Justice to fix the term and conditions thereof, and otherwise affirmed. We find no trial error of sufficient proportion even to suggest that it contributed in the slightest degree to the jury's verdict of conviction. We have reviewed the probation report and are of the opinion that, in its totality, it justifies defendant's release on probation. Consistent with this finding, we have been reliably informed that, on release on bail from incarceration, defendant was accepted back into the United States Navy as a dental technician which he had been when arrested, and that firm arrangements have been made both for defendant's full-time employment and for his enrollment in an educational program at community college level. It is directed that a brief updated probation report centering on these factors be prepared and the defendant arraigned for the purpose above set forth without delay so that neither rehabilitative opportunity referred to may be lost by lapse of time. Concur—Markewich, J. P., Kupferman, Tilzer, Capozzoli and Nunez, JJ.

■ ALLSTATE INSURANCE COMPANY, Respondent, v AMADEO J. PASSARETTI et al., Appellants.—Order and judgment (one paper), Supreme court, New York County, entered November 15, 1972, which granted the petitioner's application for a stay, unanimously reversed, on the law, and the matter remanded for further hearing with $40 costs and disbursements of this appeal to abide the event. Respondents-appellants' vehicle was allegedly struck by a hit-and-run motor vehicle. While they reported the matter within the proper time, they did not in such report indicate that it was a hit-and-run occurrence. The court at Special Term on that basis entered judgment granting the application made by the petitioner-respondent insurance company for a stay of arbitration. There is no requirement in law that an accident, when reported, be described in terms of the legal consequences. (Matter of Boxill v MVAIC, 33 AD2d 13.) Accordingly, the report being timely, the appellants are not barred, and a plenary hearing should be held on the question of whether or not it was a hit-and-run accident. Concur—Markewich, J. P., Kupferman, Tilzer, Capozzoli and Nunez, JJ.

■ In the Matter of SARA HALBERT, an Attorney.—Motion granted, and respondent reinstated as an attorney and counselor at law of the State of New York. Concur—Markewich, J. P., Lupiano, Tilzer and Capozzoli, JJ.