■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PABON, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 3, 1975, resentencing the defendant to a five-year term of probation, modified, on the law and in the exercise of discretion, to the extent of having the sentence of probation begin effective October 3, 1973, the original date of conviction, and otherwise affirmed. The defendant had been convicted after a jury trial of the crime of criminal possession of a dangerous drug in the fourth degree and sentenced, on October 3, 1973, to an indeterminate term of imprisonment not to exceed five years. This court in reviewing that conviction modified the judgment to the extent of vacating the sentence and substituting therefor a sentence of probation and remanding to the Trial Justice to fix the terms of probation *(People v Pabon,* 49 AD2d 720). At issue on this appeal is whether the term of probation should relate back to the original sentence date. We think that it should and have

modified accordingly. The Penal Law does not make express provision for cases in which a term of imprisonment is modified on appeal to a term of probation. Subdivision 1 of section 65.15 of the Penal Law which provides that "A period of probation * * * commences on the day it is imposed" is merely the counterpart of section 70.30 of the Penal Law which provides that a term of imprisonment commences when a prisoner is received at an institution. We do not construe it to mean that a term of probation cannot be imposed *nunc pro tunc* as of the date of conviction (cf. *People v Seamon,* 40 AD2d 944). Under the circumstances of this case, we find that the addition of a five-year probationary period to a term of 21 months of imprisonment already served not to be in accordance with our previous direction and an improvident exercise of discretion. The defendant was a first offender and has established family ties. He further has demonstrated his stability by obtaining employment and continuing his education. We find that, under the circumstances, supervision of the defendant for a period of five years from the date of his original sentence is adequate *(People v Seamon, supra).* Concur—Murphy, Lupiano, Silverman and Lane, JJ.; Kupferman, J. P., dissents and would affirm.