**STATE of Minnesota, Respondent,**

v.

**Larry LEIBFRIED, Appellant.**

**No. 81-458.**

Supreme Court of Minnesota.

Aug. 6, 1981.

C. Paul Jones, Public Defender, Anthony Schumacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, D. G. Wilhelm, County Atty., Fairmont, for respondent.

SHERAN, Chief Justice.

This is a sentencing appeal.

Defendant, charged with aggravated forgery, four counts of unauthorized use of a motor vehicle, and misdemeanor counts of driving after revocation and failing to stop and give information after an accident, entered guilty pleas to all the felony counts in exchange for the prosecutor's agreement to dismiss the misdemeanor counts and to recommend that the sentences for all the offenses run concurrently. Defendant waived a presentence investigation report and asked for immediate sentencing.

The prosecutor stated that under the Guidelines he believed the presumptive sentence would be 12 months probation because defendant had a criminal history score of zero and the offenses were all severity level I offenses. However, he urged the trial court to depart. Defense counsel argued for a stay of imposition pursuant to the Guidelines.

The trial court sentenced defendant to five years in prison for the aggravated forgery and stayed imposition of sentence for the other convictions but failed to provide reasons justifying departure. We therefore remand for resentencing.

On remand, the trial court, in determining whether to depart, should follow the approach set forth in *State v. Garcia*, 302 N.W.2d 643 (Minn.1981). Specifically, it should (1) consider whether any mitigating or aggravating factors are present, (2) determine whether these circumstances are substantial and compelling circumstances justifying departure, and (3) if there are substantial and compelling circumstances, decide whether or not to depart. If the trial court decides to depart, it must make any necessary findings and give reasons justifying its decision so that meaningful review of the departure is possible. If the

court concludes that there are no substantial and compelling circumstances present, then the court should follow the presumptive sentence established by the Guidelines. We note that under the Guidelines the trial court is free to require, as a condition of probation, that the defendant spend up to a year in jail.

Remanded for resentencing.