■ In the Matter of KENNETH JOHNSON, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Judgment unanimously reversed and petition granted. Memorandum: While on probation for the crime of possessing marihuana, petitioner was charged, tried, and convicted for the crimes of rape and robbery and was sentenced to an indeterminate term of 5 to 15 years. He obtained an order staying execution of this sentence. Thereafter he was charged and found guilty of violation of the terms of his earlier probation and was sentenced to seven months in the local correction facility to run concurrently with the previously imposed indeterminate sentence of 5 to 15 years. He served 141 days on the definite sentence. Upon the exhaustion of his appeals on the rape and robbery charges, petitioner commenced serving his indeterminate sentence in a State correctional facility. Respondent superintendent refused to credit petitioner with the 141 days already served on the definite sentence which was to run concurrent with the larger sentence, and he thereupon commenced this CPLR article 78 proceeding which the court below dismissed. Respondent argues that subdivision 3 of section 70.30 of the Penal Law prohibits petitioner from receiving credit for the time he has served because that section of the law provides that credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject." Overlooked, however, is that subdivision 3 of section 70.30 of the Penal Law by its terms refers to "[j]ail time" which is "time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." Simply put, "[j]ail time" is that time a person is incarcerated in a local holding facility after being charged with a crime and awaiting trial, during trial and after conviction, awaiting sentence, and before he is received by a State correctional facility to begin serving sentence on conviction for the crime for which he was originally held (*Matter of Kalamis v Smith*, 42 NY2d 191, 203). The 141 days petitioner spent in custody clearly were not "[j]ail time", but rather time he actually served on a formal definite sentence which was to run concurrently with another, previously imposed indeterminate

sentence, albeit execution of that other sentence had been stayed (cf. *Matter of Midgley v Smith,* 63 AD2d 223, 225-226). We have no doubt that the sentencing court in imposing the sentence of seven months on the probation violation charge had the authority to direct that that sentence run concurrently with the previously imposed sentence (Penal Law, § 70.25). Respondent argues, and the court below seems to indicate, that the sentencing court, in imposing the seven-month definite sentence on the probation violation charge, acted beyond its authority and illegally in directing that its sentence was to run concurrently because it added to its sentencing order the words, "if concurrent imposition of such sentence be now or hereafter permitted by law." We know of no authority whereby a sentence of incarceration depends on the vagaries allegedly contained therein which might be challenged far down the road from the time of its imposition. "[C]orrections officials are bound by the terms of the commitment, regardless of whether or not the sentence was proper. The proper method for attacking a sentence is by a motion for resentencing in the sentencing court, not in this proceeding" (*Matter of Midgley v Smith, supra,* p 226). (Appeal from judgment of Supreme Court, Wyoming County, Conable, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Boomer, JJ.