OPINION OF THE COURT

Per Curiam.

Judgments of conviction rendered March 30, 1982 modified by reversing them, on the law and as a matter of discretion in the interest of justice, with respect to the sentences, and remanding the cases to the court below for resentence in accordance with CPL 390.20, and, as modified, affirmed.
On October 28, 1981, defendant pleaded guilty to three counts of petit larceny. Sentence was deferred to January 19, 1982, defendant to participate in a community service program in the interim, with the understanding that jail time would be imposed “if she steps out of line”. Defendant *443 waived a presentence report at the time the plea was taken. She did not appear on the adjourned date, and was subsequently brought before the court on a warrant on March 30, 1982. It was conceded that defendant had “violated her agreement to the court”. Whereupon the sentencing court, noting defendant’s prior waiver of a presentence report, and after hearing argument from the prosecutor and defense counsel, sentenced defendant to a term of imprisonment of seven months.
CPL 390.20 (subd 2, par [b]) provides that a court “may not pronounce” a sentence of imprisonment for a term in excess of 90 days unless it has ordered a presentence investigation and received a written report. Nonetheless, this department has held that “where a defendant pleads guilty conditioned upon a specified sentence, requests immediate sentencing, and knowingly waives a presentence report, he cannot thereafter assert the sentence was improper” (People ex rel. Seaman v Warden, 53 AD2d 848, 849; emphasis supplied). In this case, sentence was postponed at the time the plea was taken, and we do not think that defendant’s waiver of a presentence report, at a time when no sentence was imposed, was controlling five months later when a jail sentence in excess of 90 days was actually pronounced. A sentencing Judge “must exercise his or her responsibility at the time of sentencing in the light of information obtained from the presentence report or other source” (People v Farrar, 52 NY2d 302, 306). Sentence is to be imposed on the basis of facts known to the Judge at the time of sentence, not merely those known at the time of plea (United States ex rel. Anolik v Commissioner of Correction of State of N. Y., 393 F Supp 48, 52, revd on other grounds sub nom. United States ex rel. Selikoff v Commissioner of Correction of State of N. Y., 524 F2d 650). Accordingly, the sentencing court should have ordered a presentence report or inquired as to whether the defendant would waive investigation and sentence. It is true that the defendant did not affirmatively request a presentence report at the time of sentence, but the statute places no such burden upon her.
Hughes, J. P., Riccobono and Sullivan, JJ., concur.