**STATE of Minnesota, Respondent,**

v.

**Lawrence Lee LIEBFRIED, Appellant.**

**No. C5–83–1997.**

Court of Appeals of Minnesota.

March 14, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, D.G. Wilhelm, County Atty., Fairmont, for respondent.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is a sentencing appeal. Defendant Lawrence Liebfried pled guilty to one count of uttering a forged check, in violation of Minn.Stat. § 609.625, subd. 3 (1980), and four counts of unauthorized use of a motor vehicle in violation of Minn.Stat. § 609.55 (1980). The trial court departed both durationally and dispositionally in sentencing defendant on February 2, 1981, to 60 months in prison for the forgery offense. The presumptive sentence for the forgery offense is one year and one day

stayed. The trial court stayed imposition of sentence on the four counts of unauthorized use of a motor vehicle. Even if the trial court imposed sentence on those four counts, the presumptive sentence for all five offenses would have been 20 months stayed.

Defendant immediately began serving the prison sentence but filed an appeal because no reasons were given for departing. In *State v. Leibfried,* 309 N.W.2d 36 (Minn.1981), the Minnesota Supreme Court remanded the case for resentencing and ordered the trial court either provide departure reasons or impose the presumptive sentence. The court noted that the trial court could require that the defendant spend up to one year in jail as a condition of probation. *Id.* at 37.

On remand, the trial court did not follow the Supreme Court order to amend the duration of the 60-month sentence. Instead, it stayed execution of the 60-month sentence and ordered defendant to spend one year in jail as a condition of probation.

After serving one full year in jail, including credit for time spent in prison, defendant was released on February 2, 1982. Less than five weeks later he committed felony theft in Dakota County. He pled guilty and on May 6, 1982, the Dakota County court imposed the presumptive sentence of 25 months in prison. Defendant immediately began serving this sentence.

Approximately one month later the Martin County trial court judge signed an arrest and detention order for violation of probation on the forgery offense. Defendant was not returned to Martin County for a revocation hearing until he had completely served the sentence on the Dakota County offense.

On August 19, 1983, the defendant was released from prison and immediately taken to the Martin County jail to await his probation revocation hearing. Two months later a hearing was conducted and the trial court revoked probation, then executed the 60-month sentence which had been stayed on October 15, 1981. The defendant re-

turned to prison with credit for the two months he spent in jail awaiting the revocation hearing. He then brought this appeal. We reverse.

## Issues

1. Did the trial court err in failing to impose the presumptive sentence or provide departure reasons as ordered by the Supreme Court?

2. Is defendant entitled to credit against his forgery sentence for the time spent in prison in excess of the presumptive sentence, thus allowing him to be discharged?

## Analysis

In *State v. Leibfried,* 309 N.W.2d 36, 37 (Minn.1981), the Minnesota Supreme Court ordered that unless there are substantial and compelling reasons given for departure, "the court should follow the presumptive sentence established by the Guidelines."

■ On remand, the trial court did not, nor could it give reasons justifying departure. The trial court refused to amend the durational aspect of the sentence as ordered by the Supreme Court. Instead, it merely stayed execution of the 60-month sentence while ordering defendant to spend one year in jail. Clearly this constituted error.

■ The trial court's failure to set a date for the probation revocation hearing within a reasonable time as required by Minn.R.Crim.P. 27.04, subd. 2(4), also constituted error. Reasonable time under Rule 27.04, subd. 2(4), means no more than 7 days if defendant is not incarcerated on another felony. If defendant is incarcerated on a subsequent felony the revocation hearing either must be held soon enough so the executed sentence can run concurrently, or the sentence must credit time already served to prevent a defacto consecutive sentence.

Here, defendant was not given a revocation hearing until he had completely served his sentence on the subsequent felony. The court's order revoking probation and executing sentence on the forgery offense

resulted in consecutive sentences, rather than a concurrent sentence as recommended by the Guidelines for multiple current property offenses. This is a defacto departure from the sentencing guidelines and is inconsistent with the spirit of the Guidelines. *State v. Compton,* 340 N.W.2d 358 (Minn.Ct.App.1983).

■ The fact that defendant was incarcerated for two months while awaiting a revocation hearing after he had been released from prison for his subsequent offense, constitutes further error. Even if defendant had been rightfully incarcerated for no other reason but parole violation after release from prison, a revocation hearing should have been conducted within 7 days. Minn.R.Crim.P. 27.04, subd. 2(4) (1982).

## Decision

■ Because the trial judge refused to comply with the Supreme Court's order to amend the sentence durationally, and failed to comply with Rules of Criminal Procedure in setting a revocation hearing within 7 days, this defendant has served more time than legally permitted. It is ordered that Lawrence Lee Liebfried be released forthwith.

Reversed.