◼ In the Matter of JUAN CHAVYS, Appellant, v ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Swartwood, J.), entered April 8, 1983 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to grant petitioner credit for time served on a previously imposed sentence. ¶ On May 4, 1977, petitioner, after pleading guilty to robbery in the first degree, was sentenced to an indeterminate term of 7 to 14 years as a second felony offender. Such sentence was to run consecutively to any time owed on parole. Upon appeal, the First Department in *People v Chavys* (64 AD2d 962) rendered the following decision: "Judgment, Supreme Court, Bronx County, rendered May 4, 1977, convicting defendant on his plea of guilty to robbery, first degree, and imposing sentence, unanimously modified, on the law and as a matter of discretion in the interest of justice, to strike from the sentence the reference to parole time and otherwise the judgment is affirmed. Defendant was not on parole but was on probation. Whether any sentence shall be imposed with respect to violation of probation and whether it will be concurrent or consecutive with the present sentence rests in the sound discretion of the Judge who imposes the sentence for violation of probation, if any." ¶ Petitioner now contends that the First Department struck down that portion of his sentence for robbery insofar as it directed that the sentence would run consecutively to any parole time that may be deemed to be owed by petitioner. He contends that because he was on parole at the time of his robbery conviction, his sentence was to run concurrently with his remaining parole time. ¶ The confusion arises because the First Department stated that "[d]efendant was not on parole but was on probation". The record clearly indicates that petitioner was on parole at the time that he committed the robbery. However, the People did not move for reargument and no further judicial action was taken. ¶ We have no alternative other than to conclude that the First Department's decision is the law of the case and, therefore, there is no

specified manner in which the sentence imposed is to run. Consequently, subdivision 1 of section 70.25 of the Penal Law requires that the sentence run concurrently with all other terms. We must, therefore, reverse Special Term's judgment dismissing the petition and direct respondents to correct their records to reflect this conclusion. ¶ Judgment reversed, on the law, without costs, petition granted and matter remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.