THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORTEZ JACKSON, Appellant.

Second Department, December 24, 1984

### APPEARANCES OF COUNSEL

*Stuart M. Cohen* for appellant.

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood, Lisa Margaret Smith* and *Moira Casey* of counsel), for respondent.

### OPINION OF THE COURT

TITONE, J. P.

Defendant appeals, as limited by his brief, from an amended sentence of the Supreme Court, Kings County, imposed upon his conviction of violating the terms of probation, the amended sentence being a term of 2 to 6 years' imprisonment, to be served consecutively to the sentence imposed on an intervening crime which formed the predicate for the probation violation. The core issue is whether consecutive sentences may be imposed in such circumstances. We conclude that a court imposing an amended sentence upon adjudicating a defendant to be in violation of the

terms of probation, may direct that the period of imprisonment run consecutively to any sentence of imprisonment imposed on an intervening crime. There must be a reversal, however, because the record before us does not establish that the court obtained an updated presentence report before imposing the amended sentence. We do not reach the question of whether the interest of justice warrants modification of the sentence.

The basic facts are uncomplicated. On December 15, 1981, defendant pleaded guilty to attempted robbery in the second degree, in full satisfaction of a pending Kings County indictment. In accepting the plea, the court noted that defendant was enrolled in a drug treatment program and that he was a first offender. Accordingly, the defendant was promised that, if he continued with the program, he would be sentenced to probation. That promise was kept when defendant was sentenced to a term of probation not to exceed 5 years on April 29, 1982.

Defendant, however, was arrested on other charges and pleaded guilty to criminal possession of stolen property in the second degree in Queens County. Because of the Kings County conviction, he was sentenced as a second felony offender to 1½ to 3 years' imprisonment. As a result of this conviction, defendant was charged with having violated the terms of probation in Kings County and, upon his plea of guilty, was resentenced to a term of 2 to 6 years' imprisonment, to run consecutively to the Queens County sentence. This appeal concerns only the Kings County sentence.

It is, of course, quite clear that a court may impose a sentence of imprisonment upon the revocation of a probationary sentence (CPL 410.70, subd 5; Penal Law, § 60.01, subd 4). Except for circumstances not here relevant, a consecutive sentence is not authorized, however, unless a person "is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state" (Penal Law, § 70.25, subd 1).

Appellant argues that there can be only one sentence in a criminal cause and, therefore, the amended sentence must relate back to the date of the original judgment.[1] He thus reasons that only the sentence imposed on the intervening crime may be directed to run consecutively to any sentence imposed for a probation violation. Because the People did not seek to revoke

---

1. Although it is not clear whether the matter was brought to the attention of the trial court, inasmuch as the issue concerns the court's power to impose a specific sentence, it may be raised for the first time on appeal (*People v Morse*, 62 NY2d 205, 214, n 2; *People v Fuller*, 57 NY2d 152, 156; *People v David*, 102 AD2d 551; cf. *People v Lemon*, 62 NY2d 745). In any event, we would address the issue in the interest of justice.

probation until sentence was imposed on the intervening crime, he claims that consecutive sentences are improper, especially since he was sentenced as a second felony offender on the intervening crime.[2]

The relevant statutes are somewhat unclear. While subdivision 1 of section 65.15 of the Penal Law states that a probationary sentence commences on the date that it is imposed and section 60.01 (subd 2, par [b]) of the Penal Law states that a probationary sentence "shall be deemed a tentative one to the extent that it may be altered or revoked", no statute specifies the controlling date for any amended sentence. Legislative history is not particularly helpful and New York cases provide little guidance (cf. *Matter of Johnson v Smith,* 91 AD2d 825, 826; *People v Gilmore,* 63 AD2d 45; *People v Pabon,* 53 AD2d 568; *People v Reynolds,* 45 Misc 2d 424, 426, revd on other grounds 25 AD2d 487).[3]

A review of Federal and sister State decisions, however, strongly suggests that consecutive sentences are permissible. According to the Ninth Circuit, in order "to insure that the defendant is punished both for the original conviction and the subsequent offense, [the trial court] may in its discretion order that the sentence be served consecutive [*sic*] to a federal sentence for an intervening crime" (*United States v Lustig,* 555 F2d 751, 753, cert den 434 US 1045). Alaska (*Tritt v State,* 625 P2d 882), California (*Matter of Wimbs,* 65 Cal 2d 490, 498), Colorado (*People v Lorenzo,* __ Col App __, 644 P2d 50), Maryland (*Kaylor v State,* 285 Md 66) and Oregon (*State v Monahan,* 29 Ore App 791) have similarly construed their statutes as authorizing the imposition of consecutive sentences in such circumstances (see, also, Model Sentencing and Corrections Act, 10 Uniform Laws Ann, § 3-107; Johnson, Multiple Punishment and Consecutive Sentences: Reflections on the *Neal* Doctrine, 58 Cal L Rev 357; Remington and Joseph, Charging, Convicting, and Sentencing The Multiple Criminal Offender, 1961 Wis L Rev 528; Note,

---

**2.** Defendant does not claim that the second felony offender sentence was improper. In any event, that issue is not before us.

**3.** We are not unaware of *People v Chavys* (64 AD2d 962, 962-963) in which the Appellate Division, First Department, stated, "[w]hether any sentence shall be imposed with respect to violation of probation and whether it will be concurrent or consecutive with the present sentence rests in the sound discretion of the Judge who imposes the sentence for violation of probation, if any." As the Appellate Division, Third Department, subsequently pointed out in collateral proceedings, however, the case involved *parole,* not probation (*Matter of Chavys v Henderson,* 102 AD2d 924); hence *People v Chavys (supra)* carries no precedential weight.

Criminal Law: Concurrent and Consecutive Sentencing, 1973 U of Ill LF 423).[4] As recently observed by the California Court of Appeal, "in the absence of a rule prohibiting the court from considering the facts of the offense which, in part, triggered revocation, we believe it is a proper factor for the trial court to weigh in determining whether to sentence consecutively or concurrently. There is little practical difference in following this procedure when sentencing on the revoked probation and in sentencing the latter conviction consecutively to the earlier, reaching the same result" (*People v Leroy*, 155 Cal App 3d 602, 606).

We agree with these holdings. While the substantive power to prescribe the punishment for a criminal offense is exclusively legislative (*Ohio v Johnson*, 467 US __, __, 104 S Ct 2536, 2541; *United States v Wiltberger*, 5 Wheat [18 US] 76, 93; *United States v Elkin*, 731 F2d 1005, 1011; *State v Weidner*, 37 Ore App 205) and, if two constructions of a criminal statute are plausible, the one more favorable to the defendant should be adopted in accordance with the rule of lenity (*Williams v United States*, 458 US 279, 290; *United States v Bass*, 404 US 336, 347; *Rewis v United States*, 401 US 808, 812; Campbell, Law of Sentencing, § 76), the core question always remains that of legislative intent (see *United States v Rodgers*, 466 US __, 104 S Ct 1942; *Dixson v United States*, 465 US __, __, n 19, 104 S Ct 1172, 1182, n 19; *Missouri v Hunter*, 459 US 359; *People v Morse*, 62 NY2d 205; LaFave & Scott, Criminal Law, § 10). In our view, the Legislature intended to adopt the procedure prevailing in other jurisdictions and afford the Judge imposing an amended sentence on a defendant upon a violation of probation the option of directing that the amended sentence be served consecutively to any term of imprisonment imposed on an intervening crime so long as the

---

4. California and Oregon apparently make a subtle distinction between circumstances in which imposition of sentence is suspended and the defendant placed on probation and those in which a term of imprisonment is actually imposed, the sentence of imprisonment suspended, and the defendant placed on probation. In the former case, these courts reason that since no sentence was ever imposed in the first instance, consecutive sentences are permissible (see, e.g., *Matter of Wimbs*, 65 Cal 2d 490, 498; *People v Carter*, 75 Cal App 3d 865, 872; *State v Monahan*, 29 Ore App 791). In the later case, the court only orders execution of the previously imposed sentence and since the sentence was previously imposed, it cannot be directed to run consecutively (*People v Carter, supra; Matter of Nafe*, 237 Cal App 2d 809, cert den 383 US 962; *State v Stevens*, 253 Ore 563; *Fergelic v Cupp*, 53 Ore App 190; *State v Weidner*, 37 Ore App 205). Our statutes do not fit into either category and such a distinction rests upon a formalism which makes little sense (*People v Veasey*, 98 Cal App 3d 779, 787; *People v Carter, supra*).

defendant, at the time of the imposition of the amended sentence, "is subject to any undischarged term of imprisonment imposed" on the intervening crime (Penal Law, § 70.25, subd 1).

To be sure, a probation violation could be taken into account by both Judges, and the severity of a sentence could be manipulated through the calendaring of the matters.[5] Nonetheless, there are sufficient safeguards. For one thing, where indeterminate sentences are imposed at different times, they are presumptively concurrent, unless the court orders otherwise (Penal Law, § 70.25, subd 1, par [a]; see 3 American Bar Association Standards for Criminal Justice [2d ed], Sentencing Alternatives and Procedures, standard 18-4.5, subd [b], par [iv]; Campbell, Law of Sentencing, § 76; cf. *Matter of Johnson v Smith,* 91 AD2d 825, 826, *supra*). For another, we may review the sentence for proportionality (*People v Suitte,* 90 AD2d 80; *People v Green,* 75 AD2d 625; *People v Biumi,* 50 AD2d 931; see *State v Liebfried,* 345 NW2d 281 [Minn App]).[6]

In this case, defendant was "subject to [an] undischarged term of imprisonment imposed at a previous time by a court of this state" and therefore consecutive sentences were permissible (Penal Law, § 70.25, subd 1). Nevertheless, proportionality review has been inhibited by the absence of an updated probation report, requiring a remittal for further proceedings.

---

**5.** By court rule, California prohibits the court from considering events subsequent to the grant of probation when determining the length of a prison term upon revocation of probation (California Rules of Court, rule 435, subd [b], par [1]; see *People v Goldberg,* 148 Cal App 3d 1160, 1163, n 2; *People v McKinzie,* 134 Cal App 3d 1016, 1019; *People v Angus,* 114 Cal App 3d 973, 989; *People v Colley,* 113 Cal App 3d 870, 872-873). There is no similar statutory provision in this State and in the present posture of the case it is unnecessary for us to pass on the question of whether due process requires a sentencing Judge to don such a blindfold (cf. *Wasman v United States,* 468 US __, 104 S Ct 3217; *Williams v New York,* 337 US 241, 247; *Stuckey v Stynchcombe,* 614 F2d 75, 76; *People v Miller,* 103 AD2d 808; *People v McCarthy,* 117 Misc 2d 442, 443; 3 American Bar Association Standards for Criminal Justice [2d ed], Sentencing Alternatives and Procedures, standard 18-4.9; Note, Procedural Due Process At Judicial Sentencing For Felony, 81 Harv L Rev 821).

**6.** It would both facilitate appellate review and insure that the legislative policies concerning proportional sentencing, rehabilitation, deterrence, and protection of the public (see *People v Suitte,* 90 AD2d 80, 83-84; *People v Notey,* 72 AD2d 279, 282) are effectuated if trial courts imposing consecutive indeterminate sentences briefly articulated their reasons for doing so on the record (see, e.g., *State v Garcia,* 288 Ore 413, 429-432; 3 American Bar Association Standards for Criminal Justice [2d ed], Sentencing Alternatives and Procedures, standard 18-4.5; *People v Williams,* 161 Cal App 3d 638, 207 Cal Rptr 603; cf. *Branch v Cupp,* 736 F2d 533, 536-537).

Absent the imposition of the minimum sentence (*People v Navarro,* 91 AD2d 618) or a bargained sentence and express waiver (*People v Dowdell,* 72 AD2d 622; *People ex rel. Seaman v Warden,* 53 AD2d 848), a court imposing a sentence of imprisonment upon finding that the defendant violated the terms of probation must obtain and consider an updated presentence report (see CPL 390.20, subd 1; *People v Hayes,* 101 AD2d 893; *People v Cruz,* 89 AD2d 569; *People v Klein,* 78 AD2d 743; *People v Halaby,* 77 AD2d 717; *People v Grice,* 64 AD2d 718; see, also, 3 American Bar Association Standards for Criminal Justice [2d ed], Sentencing Alternatives and Procedures, standard 18-4.5, subd [b], par [iii]; *People v Brady,* 162 Cal App 3d 1, 208 Cal Rptr 21). While we would view the violation packet prepared by the Probation Department to be the functional equivalent of an updated report because it informs the court of all "relevant changes which may have occurred since preparation of the original presentencing report" (*People v Halaby,* 77 AD2d 717, 718, *supra;* cf. *People v Phillips,* 90 AD2d 589, 590), the record lacks an express indication that the packet was in fact before the court or that the court considered it.

This is most unfortunate since, despite the District Attorney's rather hasty concession, we know that the packet exists and had the packet been marked as an exhibit or a statement made on the record that it had been considered, the problem would have been obviated. We urge representatives of the New York City Department of Probation and Trial Judges who have that obligation to do so in the future.

As it is, we are bound by the record before us (*Broida v Bancroft,* 103 AD2d 88, 93; *People ex rel. Martinez v Walters,* 99 AD2d 476, 477, app dsmd 63 NY2d 727). We cannot obtain the violation packet and remedy the defect by treating "the sentence imposed as a proper exercise of the discretion vested in the Judges of the Appellate Division" because we act solely in an appellate capacity and "sentencing is [the] function of the Trial Judge" (*People v Felix,* 58 NY2d 156, 161, app dsmd __ US __; see, also, 4 American Bar Association Standards for Criminal Justice [2d ed], Appellate Review of Sentences, standards 20-3.2, 20-3.3).

Nor is there any other means by which the sentence can be sustained. The fact that the defendant was afforded an opportunity to address the court is of no moment. Such a right exists separate and apart from the requirement of an updated report (see CPL 380.50; *People v McClain,* 35 NY2d 483, cert den *sub nom. Taylor v New York,* 423 US 852; *People v Schiavone,* 42 AD2d 738; 3 American Bar Association Standards for Criminal

Justice [2d ed], Sentencing Alternatives and Procedures, standard 18-4.5, subd [b], par [iii]). While an oral presentation by the probation officer might also serve the purpose of an updated report (cf. *People v Phillips,* 90 AD2d 589, *supra*), the probation officer did not make such a presentation here.

For these reasons, the amended sentence should be reversed, on the law, and the matter remitted to the sentencing Judge who may either reimpose the amended sentence by indicating, on the record, that the violation of probation packet was considered by her initially or, in her discretion, resentence defendant based upon an updated presentence report.[7]

BRACKEN, BOYERS and LAWRENCE, JJ., concur.

Amended sentence of the Supreme Court, Kings County, imposed December 22, 1982, reversed, on the law, and matter remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

7. The court appreciates the zeal and quality of the presentation made by appellant's counsel on his behalf.