■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDELMIRO SANCHEZ, Appellant.—Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Heller, J.), imposed October 29, 1986.

Ordered that the resentence is affirmed.

Pursuant to an order of this court (see, People v Sanchez, 123 AD2d 406, lv denied 68 NY2d 1004), this case was remitted for resentencing for clarification of certain ambiguous language used by the court when imposing the original sentence. Upon remittal, the court clarified the language in question, stated a correct understanding of the persistent violent felony offender statute and again imposed the sentence of an indeterminate term of 15 years to life imprisonment.

The defendant now appeals from the resentencing, asserting that it was error to proceed with the resentencing in the absence of an updated presentence report. We find that under

the circumstances of this case, an updated presentence report was unnecessary and had no negative impact upon the defendant. No presentence report was requested by defense counsel who submitted a presentence memorandum in connection with the resentencing in which counsel argued that the defendant had been rehabilitated and was deserving of leniency. Appended to the memorandum were numerous reports and letters describing the defendant's current status and his progress while incarcerated, as well as letters relating to the situation of his family.

With respect to an original sentencing, it is error to pronounce sentence without first receiving a written presentence report (CPL 390.20; *People v Grice,* 64 AD2d 718). Similarly, upon resentencing a court should first obtain and consider an updated presentence report *(People v Jackson,* 106 AD2d 93; *People v Hayes,* 101 AD2d 893; *People v Cruz,* 89 AD2d 569). However, upon resentencing, documents informing the court of all relevant changes in the defendant's status since preparation of the original presentence report may substitute for an updated presentence report if the documents are the "functional equivalent" of a presentence report *(People v Jackson, supra,* at 98; *see also, People v Halaby,* 77 AD2d 717, 718).

In *Jackson* the defendant was sentenced to a term of incarceration after he was found to have violated the terms of his original sentence of probation. Although the Department of Probation prepared a "violation Packet", no updated presentence report was prepared in connection with the resentencing. This court held on appeal from the resentencing that "[w]hile we would view the violation packet prepared * * * to be the functional equivalent of an updated report * * * the record lacks an express indication that the packet was in fact before the court or that the court considered it" *(People v Jackson, supra,* at 98).

In the instant case, the record unequivocally establishes that the presentence memorandum was presented to and considered by the resentencing court. Thus, unlike *Jackson,* the memorandum here may substitute as the "functional equivalent" of an updated presentence report. Although nearly three years passed between the filing of the original presentence report and the resentencing, during the entire period the defendant was incarcerated. The memorandum submitted by the defense counsel presents a thorough review of the defendant's activities and progress, the situation of his family and the support awaiting him upon his release. It is

difficult to imagine what additional information à formal presentence report might add to this memorandum.

We further find that a second resentencing is not required due to the fact that the memorandum was prepared by defense counsel rather than the Department of Probation. The purpose of requiring an updated presentence report upon resentencing "is to bring before the court the fullest possible information on a defendant's background before sentence is imposed for a serious crime" *(People v Halaby, supra,* at 718; *see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 390.20, at 192). The memorandum in this case, which included numerous evaluations by staff of the Department of Correctional Services, fulfilled this purpose.

We further find that the sentence imposed at the resentencing was not unduly harsh or excessive. Accordingly, we decline to disturb it *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Bracken, Kunzeman and Spatt, JJ., concur.