■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ERIC GILYARD, Also Known as ERIC WILLIAMS, Appellant.—
Judgment, Supreme Court, New York County (Harold Roth-
wax, J.), rendered March 12, 1987, which resentenced defen-
dant on his violation of probation for attempted robbery in the
second degree to a term of imprisonment of from 1 to 3 years
to run consecutively to an intervening conviction, reversed, on
the law, and the matter remanded to the sentencing court to
either reimpose the amended sentence by indicating, on the
record, that documents prepared for the violation of probation
were considered by him initially, or to resentence defendant
based upon an updated presentence report.

Although the court should review an updated presentence
report before resentencing a defendant on a violation of
probation, documents which inform the court of all relevant
changes in the defendant's status may substitute as the
" 'functional equivalent' " of a presentence report *(People v
Sanchez,* 143 AD2d 377, 378, *lv denied* 73 NY2d 790; *People v
Jackson,* 106 AD2d 93). Only a few months before defendant
was sentenced on his violation of probation, the Probation
Department prepared a violation of probation report and
attached a memorandum including relevant information on
defendant's status. Since the record does not unequivocally
establish that these items were presented to and considered by
the resentencing court, they cannot substitute as the
" 'functional equivalent' " of an updated presentence report
*(People v Sanchez, supra,* at 378; *People v Jackson, supra).*
Concur—Carro, Milonas, Kassal and Ellerin, JJ.

Kupferman, J. P., dissents in a memorandum as follows:
Once again, an unjustified burden is placed on the criminal
justice system. *(Cf., People v Laster,* 140 AD2d 233 [dissent].)

All of the necessary information was before the sentencing
court, and there is no need to impose an additional procedure.