■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v JEFFREY STONE, Appellant.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated May 31, 1989, which, after a hearing, granted the application and stayed arbitration.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new hearing on the issue of physical contact with an alleged hit-and-run vehicle.

It was reversible error to admit into evidence a copy of a police accident report, since the investigating officer did not witness the accident and could not identify with any specificity the sources of hearsay information contained in the report (see, Gagliano v Vaccaro, 97 AD2d 430; Avram v Haddad, 88 AD2d 942; Clarke v Nadel, 50 AD2d 851). For similar reasons, the officer's opinion as to the cause of the accident based upon inadmissible hearsay, should also have been stricken (see, Casey v Tierno, 127 AD2d 727). Since the court based its findings of credibility and its determination of the facts partly on the basis of this erroneously admitted evidence, a new hearing is required.

Moreover, the court erred in finding that the appellant had failed to report the hit-and-run accident to the police within 24 hours after the accident. The record shows that the police were on the scene within minutes of the accident and that a police accident report was completed the same day. It is

immaterial that the report failed to make reference to physical contact *(see, Matter of MVAIC [Lupo],* 18 AD2d 717, *affd* 13 NY2d 1017; *Matter of Empire Mut. Ins. Co. [Zelin],* 120 AD2d 365), or failed to specifically label the accident as a "hit-and-run" *(see, Matter of Boxill v MVAIC,* 33 AD2d 13; *Matter of Hanavan [MVAIC],* 33 AD2d 1100). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.