■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v KEVIN LAING, Appellant.—In a proceeding to stay the arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Queens County (Kassoff, J.), dated March 9, 1989, which denied its motion pursuant to CPLR 4404 (b) to, in effect, set aside a judgment of the same court entered January 6, 1989, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the motion to set aside the judgment is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The petitioner was granted a stay of arbitration, after a hearing, on the ground that the appellant failed to promptly notify the police that the accident involved a hit-and-run driver. At the hearing on the petition, the appellant testified that an unknown vehicle hit the vehicle he was driving after

he swerved in an attempt to avoid a collision. He could not recall if he told a police officer who arrived on the scene while he was being treated by ambulance attendants that there was actual physical contact between the vehicles. The police report indicated only that the accident occurred when the appellant swerved to avoid a collision with another vehicle. Although the hearing court credited the appellant's testimony that there was physical contact between the vehicles, it granted the petition for a stay of arbitration because the appellant failed to promptly inform the police of the contact. We conclude that this was error and remit the matter to the Supreme Court, Queens County, for further proceedings on the remaining issue raised in the petition.

We find that the petitioner failed to establish that the subject insurance policy required the appellant, upon reporting the accident, to specifically notify the police that there was actual physical contact between his vehicle and the unknown vehicle. The appellant's description of the accident to the police officer at the scene, in which he indicated that another vehicle was involved, satisfied the requirement of prompt notification, as there is no requirement in law that the legal consequences of the accident be reported to the police (see, Matter of MVAIC v Lupo, 18 AD2d 717, affd 13 NY2d 1017; Allstate Ins. Co. v Passaretti, 49 AD2d 720). The subject insurance policy was not made part of the hearing record. However, in response to the motion by the appellant pursuant to CPLR 4404 (b) in effect, to vacate the judgment, the petitioner referred to a provision of its standard personal auto policy which stated that a claimant must "promptly notify the police if a hit and run driver is involved". The appellant did not concede that this policy provision was applicable, and, in any event, we are not convinced that this provision must be interpreted to include the requirement that a claimant's report to the police must, in all instances, specifically state that there was physical contact between the covered vehicle and the unknown vehicle. Furthermore, we note that the petition did not originally seek to stay arbitration on the ground that the appellant failed to promptly notify the police, and no evidence was offered that a notice of disclaimer was issued on that basis. Bracken, J. P., Lawrence, Eiber and Harwood, JJ., concur.