■ NANCY HEGY, Appellant, v JOAN COLLER, Respondent. [692 NYS2d 463] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 4, 1999, which denied her motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

On April 26, 1997, the defendant's vehicle, which was traveling eastbound on Forest Avenue in Glen Cove, struck the plaintiff's vehicle which was traveling northbound on Dosoris Lane. In support of her motion for partial summary judgment, the plaintiff averred that she had stopped at a red light and entered the intersection of Forest Avenue and Dosoris Lane after the light turned green. The plaintiff's affidavit was sufficient to make out a prima facie case that the defendant was solely liable for the accident (*see, Diasparra v Smith,* 253 AD2d 840; *Perez v Brux Cab Corp.,* 251 AD2d 157; *Salenius v Lisbon,* 217 AD2d 692). In order to defeat the motion for summary judgment, the defendant was required to submit evidentiary proof in admissible form raising triable issues of material fact (*see, Zuckerman v City of New York,* 49 NY2d 557). The unsworn motor vehicle accident report filed by the defendant does not constitute evidence in admissible form (*see, Bendik v Dybowski,* 227 AD2d 228; *Matter of Aetna Cas. & Sur. Co. v Stone,* 170 AD2d 599; *Daliendo v Johnson,* 147 AD2d 312, 321), and,

in any event, was ambiguous. Accordingly, the plaintiff's motion should have been granted. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.