■ RICHARD T. INNES et al., Appellants, v JENNIFER A. CASO et al., Respondents. [699 NYS2d 902] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered August 18, 1998, which, upon a jury verdict on the issue of liability in favor of the defendants, and upon the denial of their motion to set aside the verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The court properly excluded from evidence the police accident report since the subscribing officer did not witness the accident and was unavailable to testify as to the actual source of the information contained in the report (*see, Battista v Rizzi*, 228 AD2d 533, 534; *Matter of Aetna Cas. & Sur. Co. v Stone*, 170 AD2d 599; *Gagliano v Vaccaro*, 97 AD2d 430, 431).

Furthermore, it cannot be said that there is "no valid line of reasoning [or] permissible inferences" which would support the jury verdict, or that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Artis v Jamaica Buses*, 262 AD2d 511; *Nicastro v Park*, 113 AD2d 129, 132). Accordingly, the court properly denied the plaintiffs' motion to set aside the jury verdict.

The parties' remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Luciano, JJ., concur.

■ MAHINDRO JAINARINE et al., Respondents, v ANTONIO MARZULLI, Appellant. [699 NYS2d 902] —In an action, *inter alia*, for a permanent injunction enjoining the defendant from interfering with the plaintiffs' use of a certain driveway, the defendant appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), entered December 2, 1998, which, after a nonjury trial, is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs.

We reject the defendant's contention that the Supreme Court erred in allowing the plaintiffs to introduce into evidence the deposition testimony of a witness (*see,* CPLR 3117 [a] [3] [ii]).

The defendant's remaining contention is without merit. Santucci, J. P., Altman, Friedmann and H. Miller, JJ., concur.