People v Peterson (2019 NY Slip Op 08871)





People v Peterson


2019 NY Slip Op 08871


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-09855
 (Ind. No. 6377/13)

[*1]The People of the State of New York, respondent,
v
Curtis Peterson, appellant.


Jonathan Strauss, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered May 23, 2016, convicting him of harassment in the first degree, attempted assault in the first degree, assault in the first degree (three counts), assault in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Davidson, 150 AD3d 1142, 1143). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Gray, 86 NY2d 10, 19), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Barber, 133 AD3d 868, 872; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). Although the defendant made a post-conviction motion to vacate the judgment pursuant to CPL 440.10, the issues raised in that motion [*2]are not properly before this Court, as the motion was denied and the defendant did not seek leave to appeal from the denial of that motion (see People v Lowe, 166 AD3d 901, 904; People v Williams, 156 AD3d 920, 921; People v Dunaway, 134 AD3d 952, 954).
When a defendant convicted of a felony offense absconds during trial and is sentenced in absentia, as here, the court must still "order a pre-sentence investigation of the defendant and it may not pronounce sentence until it has received a written report of such investigation" (CPL 390.20[1]; see People v Selikoff, 35 NY2d 227, 238; People v Villegas, 146 AD2d 228, 232; People v Sanchez, 143 AD2d 377, 378; cf. People v Thompson, 186 AD2d 294). Since this was not done here, we remit the matter to the Supreme Court, Kings County, for resentencing (see People v Selikoff, 35 NY2d at 238; People v Reyes, 138 AD3d 1036, 1036-1037; People v Sanchez, 143 AD2d 377, 378). In light of this determination, we do not reach the defendant's contention regarding the alleged excessiveness of the sentence imposed (see People v Simpson, 179 AD2d 831, 831-832).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court