█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SLAVIK, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered January 8, 1971, convicting him of robbery in the third degree, upon a plea of guilty, and sentencing him to an indeterminate prison term not to exceed seven years. Judgment affirmed. The sentence was neither harsh nor excessive in view of the crime and appellant's antecedent history. Appellant was released on parole on January 11, 1973 and the People contend that this appeal should now be dismissed as moot because of appellant's freedom from incarceration, citing *People* v. *Bierweiller* (40 A D 2d 833) and *People* v. *Fleming* (40 A D 2d 855). We do not agree. In cases such as this, where the prisoner remains under the control of the Parole Board until his sen-

tence has terminated, an appeal from the judgment in question is not moot; and the People's reliance on *Bierweiller* and *Fleming* is misplaced. In *Bierweiller* the issue was whether the prisoner had been sentenced in compliance with section 208 of the Mental Hygiene Law, but, as he had already served his sentence, that issue had become moot. In *Fleming* the issue was the propriety of the transfer of a prisoner from the New York City Reformatory to the New York City Correctional Center for Men upon his attaining the age of 21 years. Since Fleming was free on parole at the time of the appeal, the issue was obviously moot. Neither appeal rested on the question of excessiveness per se. By order of this court on February 26, 1973, on motion of the Assistant District Attorney and with the consent of his adversary, the record on this appeal was enlarged to include (a) the minutes of a post-conviction hearing, relating to an alleged promise of sentence leniency, held December 11, 1972 by the Special Term of the Supreme Court, Suffolk County, and (b) Special Term's decision and order thereon entered January 8, 1973, dismissing the post-conviction application. We find no merit in defendant's contention that a promise of leniency was made to him; and, were the question properly before us, we would affirm Special Term's said order. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.