■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HALABY, Appellant.—Appeal from a judgment of the County Court of Albany County, entered June 22, 1979, which revoked defendant's probation and imposed sentence. In December of 1977 defendant pleaded guilty to the crime of arson in the third degree and was sentenced to five years' probation. On May 15, 1979 defendant was convicted of two counts of petit larceny upon a guilty plea. A probation violation hearing was subsequently held at which the only proof offered was a certified copy of the certificate of conviction for petit larceny. Although afforded the opportunity to do so, defendant's counsel offered no proof at the hearing and stated there were no witnesses to call. Defendant's probation was revoked and he was sentenced to an indeterminate term of imprisonment with a maximum of seven years. On this appeal, defendant advances three grounds for reversing the judgment: (1) the statutory requirements for a probation violation hearing were not complied with; (2) he was sentenced without a new presentence report having been prepared and considered by the court; and (3) the sentence imposed was excessive. The statute governing probation violation hearings (CPL 410.70) requires that a defendant be brought before the court and advised of the circumstances in which he allegedly violated the conditions of his probation. The defendant in this case was informed that his conviction for petit larceny was the basis for revoking his probation (see CPL 410.10, subd 2). As this court stated in *People v Petersen* (53 AD2d 935, 935-936): "The defendant, therefore, had notice of the probation violation charged, and was afforded an opportunity to be heard, and to attack or deny the

charge, which is all that is required *(People v Oskroba,* 305 NY 113; *People v Compton,* 42 AD2d 201)." Thus, the probation violation hearing conducted for defendant was proper. A defendant convicted of a felony may not be sentenced without consideration by the court of a presentence report (CPL 390.20, subd 1; *People v Grice,* 64 AD2d 718; *People v Phillips,* 42 AD2d 719). The rationale behind this requirement is to bring before the court the fullest possible information on a defendant's background before sentence is imposed for a serious crime (Prieser, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 390.20, p 117). In the instant case, a presentence report was prepared on defendant prior to his sentencing in December of 1977 on the arson conviction. It was this original report which was reviewed by the court prior to imposing sentence after defendant's probation had been revoked. We agree with defendant's position that the purposes sought to be achieved by mandating presentence reports prior to felony sentencing require the preparation and consideration of a new report before sentence may be imposed for a felony following revocation of probation. Only then will the sentencing court be assured that it has been informed of any relevant changes which may have occurred since preparation of the original presentencing report. Since our decision will require that defendant be resentenced, we do not reach the issue of whether the sentence imposed was excessive. Judgment modified, on the law, by vacating the sentence, and matter remitted to the County Court of Albany County for resentencing in accordance herewith, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Staley, Jr., and Casey, JJ., concur.

Kane, J., concurs in the following memorandum. Kane, J. (concurring). Although I agree with the majority that defendant must be resentenced, I do not accept its rationale that CPL 390.20 (subd 1) mandates such action as a matter of law. While the subdivision requires a presentence investigation and report before sentence may be pronounced on a felony conviction, it provides no guidance with respect to the procedures to be followed upon the revocation of a sentence of probation or conditional discharge. In my view, this apparent gap is filled by CPL 390.20 (subd 3), which authorizes a court, in its discretion, to order a presentence investigation and report in any case. A probation violation might be so trivial or occur so shortly after the original sentence that a new investigation and report would serve no useful purpose. Here, however, since the record does not disclose that the court was made aware of defendant's activities during the one and one-half year period following the initial sentence and since it ultimately imposed a lengthy term of incarceration, a new investigation and report should have been ordered.