■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH KLEIN, Appellant.—Appeal from a judgment of the County Court of Sullivan County, entered December 21, 1979, which revoked the defendant's probation and imposed sentence. The defendant was convicted on January 10, 1978 upon his plea of guilty of the crime of burglary in the third degree and sentenced to 4 years, 10 months probation plus 60 days incarceration. On December 14, 1979 a violation of probation hearing was held and resulted in a decision by the County Court on December 19, 1979 that the defendant was guilty of a violation of probation. On December 21, 1979 the defendant was sentenced to an indeterminate term of imprisonment, the maximum of which was four years. On this appeal the defendant argues (1) that the testimony adduced at the violation of probation hearing failed to establish by a preponderance of the evidence that the defendant was guilty of violating the conditions of probation and (2) that the defendant could not be legally sentenced on a felony conviction without a presentence investigation and report. Sufficient evidence of violation of conditions of his previously imposed probationary sentence was adduced at the hearing held herein to permit the trial court to find that the violation was supported by a preponderance of the evidence (CPL 410.70, subd 3; *People v Fish,* 52 AD2d 778; *People v Crandall,* 51 AD2d 841). The defendant had notice of the probation violation charged (CPL 410.10, subd 2; *People v Petersen,* 53 AD2d 935). Contrary to the defendant's contention, the violation hearing was properly conducted. We agree, however, with the defendant that the trial court's failure to require the preparation of the new presentence report prior to imposing its sentence on the felony charge after the violation of probation had been found and his prior probation revoked violates CPL 390.20 (subd 1) and mandates a vacatur of the sentence imposed and a remittal to the County Court of Sullivan County for resentencing *(People v Halaby,* 77 AD2d 717). Judgment modified, on the law, by vacating the sentence, and matter remitted to the County Court of Sullivan County for resentencing in accordance herewith, and, as so modified, affirmed. Greenblott, J. P., Kane, Mikoll, Casey and Herlihy, JJ., concur.