■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STANTON, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 10, 1981, which revoked defendant's probation and imposed a sentence of imprisonment. Defendant was convicted on March 5, 1980 upon his plea of guilty of the crime of grand larceny in the second degree and sentenced to five years of probation plus 60 days of incarceration. On September 2, 1981, a probation violation hearing was held resulting in a decision by the County Court on September 10, 1981 that defendant was guilty of violating the conditions of probation. On that same date, defendant was sentenced to an indeterminate term of imprisonment with a maximum of seven years and a minimum of two and one-third years. On this appeal, defendant argues that (1) the testimony at the violation hearing failed to establish that defendant had violated the conditions of his probation by a preponderance of the evidence and (2) the sentencing court erred in failing to obtain a new presentence report. In our view, there was ample evidence presented to permit the hearing court to determine that defendant had violated the conditions of his previously imposed probationary sentence (CPL 410.10, subd 2; *People v Johnson,* 43 AD2d 878). Defendant not only failed to communicate with his probation officer after having relocated to the State of Florida, but failed to advise the Probation Department of a change in his address and employment status, and failed to make restitution according to an established repayment schedule. Although defendant contends that he was misled by the Albany Probation Department concerning a formal transfer of

his case to Florida, his testimony indicates that the Florida probation authorities advised him that the transfer had not been completed. We cannot agree that the condition that defendant continue to report to his Albany probation officer was anything but clear. Nor can we agree with defendant's contention that he is simply being penalized for his inability to make restitution. Even assuming that defendant was indigent, and thus unable to comply with the restitution order, the fact remains that he made no effort to notify the Albany probation officer after his employment was terminated or request a modification of the probation conditions. We do agree, however, that the court erred in resentencing defendant without the benefit of a new presentence report (CPL 390.20, subd 1; *People v Klein,* 78 AD2d 743; *People v Halaby,* 77 AD2d 717). Accordingly, the sentence imposed must be vacated and the matter remitted to the County Court of Albany County for resentencing. Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Albany County for resentencing in accordance herewith, and, as so modified, affirmed. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.