■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN BARKER, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered November 23, 1982, which revoked defendant's probation and imposed a sentence of imprisonment. On April 6, 1979, defendant waived indictment and pleaded guilty to a superior court information charging her with grand larceny in the second degree. It appears that defendant had stolen in excess of $26,000 from two disabled veterans entrusted to her care at a veterans' family care home by means of forging their signatures

on savings account withdrawal slips. Defendant was sentenced to a term of five years' probation, with the express condition that full restitution be made at a minimum rate of $100 per week. Initial payments of approximately $1,000 were made, but after August of 1979, further payments ceased. After August, 1980, defendant failed to contact her probation officer. On September 17, 1980, a violation of probation warrant was issued. Ultimately, defendant, who had previously relocated to the State of Florida, was extradited to New York and, on November 10, 1982, pleaded guilty to a probation violation based on her failure to maintain contact with her probation officer (Penal Law, § 65.10, subd 3, par [a]). On November 23, 1982, defendant was resentenced to an indeterminate term of imprisonment not to exceed five years. Defendant urges that her failure to report to the probation officer was so connected with her inability to make restitution as to constitute a legal excuse, relying on the recent United States Supreme Court decision of *Bearden v Georgia* (461 US __, 103 S Ct 2064). We disagree. In *Bearden,* the Supreme Court determined that a State sentencing court may not automatically revoke a term of probation, where a probationer is unable to pay a fine or make restitution, without first determining that the probationer had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist. The instant case is readily distinguishable from *Bearden* in that defendant's probation violation was not premised on a failure to make restitution, but on her failure to maintain contact with the Probation Department for a period in excess of two years. Although defendant contends it was her fear of being incarcerated due to an inability to make restitution that kept her from contacting her probation officer, the court was authorized to reject this explanation as inadequate. This is particularly so since defendant conceded that she was employed during her absence and would have been able to make partial restitution of $25 per week. Further, defendant's attorney admitted during the plea proceedings that defendant's probation officer merely advised her of the conditions of probation and had not actually threatened her with incarceration for failure to make restitution. Nor did defendant request a modification of the probation conditions (see *People v Stanton,* 96 AD2d 652). Clearly, this is not a case in which defendant is being incarcerated for mere indigency (cf. *Bearden v Georgia, supra*). Since there was ample evidence that defendant failed to maintain contact with the Probation Department, including her own admissions, the revocation of probation was proper and no extraordinary circumstances have been presented such as to warrant our disturbance of her resentencing (see *People v Willi,* 77 AD2d 711). Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.