■ ROCHELLE F. ROSEN, Respondent, v MEYER R. ROSEN, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed, without costs (see, CPLR 5511). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—counsel fees.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.

■ In the Matter of JAMES NOWLIN, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously affirmed (see, Matter of Jermosen v Smith, 84 AD2d 932, lv denied 56 NY2d 711). (Appeal from judgment of Supreme Court, Wyoming County, Conable, J.—art 78.) Present—Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BELLIS, Appellant.—Judgment, insofar as appealed from, unanimously modified, on the law, by vacating the sentence imposed and, as modified, affirmed and matter remitted to Ontario County Court for resentencing, in accordance with the following memorandum: Before sentence is imposed following a felony conviction, the court must order a presentence investigation of the defendant and sentence may not be imposed until the court has received a written presentence report (CPL 390.20 [1]). In this case, the court erred in not ordering an updated presentence investigation of defendant upon finding that the defendant had violated the terms of his probation (People v Jackson, 106 AD2d 93; People v Stanton, 96 AD2d 652; People v Halaby, 77 AD2d 717), especially since over a year and a half had elapsed between preparation of defendant's original presentence report and the time he was resentenced (see, People v Halaby, supra, p 718 [Kane, J., concurring]). The sentence must be vacated and the matter remitted to the sentencing court for resentencing based upon an updated presentence report.

In view of our decision herein, we do not reach the issue of whether the sentence imposed was excessive. (Appeal from judgment of Ontario County Court, Reed, J.—assault, second degree.) Present—Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.