■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY A. GOON, Appellant.—Harvey, J.

In June 1983, defendant was convicted upon his plea of

guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony. He was sentenced to 30 days in jail and five years' probation. In March 1984, a "Uniform Violation of Probation Report" was filed alleging that defendant failed to comply with the terms of his probation in that he failed to attend and complete an appropriate alcohol treatment program. Defendant pleaded guilty to the violation and, in turn, received a negotiated sentence of 90 days' imprisonment and continued probation.

Defendant's sole contention on appeal is that the sentence must be vacated since County Court failed to order an updated presentence report. CPL 390.20 (1) requires a sentencing court to receive a presentence report prior to sentencing "[i]n any case where a person is convicted of a felony". Although the statute does not explicitly extend this requirement to the revocation of probation of a convicted felon *(see, People v Halaby,* 77 AD2d 717, 718 [Kane, J., concurring]), courts have so extended the requirement *(see, e.g., People v Bellis,* 115 AD2d 237; *People v Stanton,* 96 AD2d 652, 653). A presentence report is not necessary, however, if the minimum authorized sentence is imposed *(People v Navarro,* 91 AD2d 618) or the sentence is a bargained one and the defendant waives the presentence investigation requirement *(People v Dowdell,* 72 AD2d 622, 623; *People ex rel. Seaman v Warden,* 53 AD2d 848). Furthermore, since the primary concern is that the court consider "the fullest possible information on a defendant's background" *(People v Halaby, supra,* p 718), a packet prepared by the Probation Department which supplies relevant information about defendant since preparation of the original presentencing report serves as the functional equivalent of an updated report *(People v Jackson,* 106 AD2d 93, 98 [Titone, J.]).

Here, County Court was provided with a Uniform Violation of Probation Report. The report provided detailed information about defendant's activities since his original sentencing. Further, the report reflected that the Probation Department had investigated the circumstances surrounding defendant's probation violation and the report included a recommended sentence *(see,* CPL 390.30). It cannot be disputed that County Court considered this report, as the record reveals that the court expressly referred to the report. Accordingly, we conclude that the County Court was sufficiently apprised of defendant's conduct since the time of his original sentencing to properly sentence defendant for this probation violation.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.