■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN W., Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), rendered August 8, 1986, in Chenango County, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to robbery in the second degree and was sentenced in February 1985 as a youthful offender to five years' probation. Subsequently, in July 1986 a probation violation petition was filed alleging that defendant had failed to comply with a condition of his probation, to wit, that he attend drug and alcohol abuse counseling sessions. At the hearing which followed, testimony was adduced to the effect that defendant had missed three consecutive counseling sessions, on June 10, 1986, June 17, 1986 and June 26, 1986, and, as a result, had been dropped from the drug and alcohol abuse treatment program. Supreme Court found a violation, revoked defendant's probation and imposed a one-year term of imprisonment. This appeal ensued. We now affirm.

In our view, the evidence presented at the hearing was more than sufficient to establish that defendant had violated the conditions of his probation. Defendant's probation officer and his counselor each testified that defendant had failed to keep the counseling appointments in spite of having been warned that such conduct constituted a violation of his proba-

tion and would result in a termination of his eligibility for counseling. Defendant gave the counselor and the probation officer different excuses for at least one missed appointment, and he had a history of neglect in attending counseling sessions which had resulted in the filing of a prior probation violation petition. That petition was dismissed upon defendant's assurances that he would attend all future counseling sessions. In light of the foregoing, Supreme Court was well within its discretion in revoking defendant's probation (see, *People v Barker,* 97 AD2d 624, 625).

Defendant's contention that Supreme Court abused its discretion in failing to order a new presentence report prior to his resentencing is not persuasive. The court stated at sentencing that it was familiar with defendant's original 1985 presentence report as well as all Probation Department reports submitted subsequent thereto. The court had also conducted a full hearing on the probation violation, at which it heard testimony from defendant, his counselor and his probation officer. Accordingly, any relevant changes in defendant's circumstances which may have occurred subsequent to the preparation of the original report were brought to the court's attention and a new presentence report was not required (see, *People v Phillips,* 90 AD2d 589, 590; *People v Halaby,* 77 AD2d 717, 718). We are furthermore unpersuaded as to the merit of defendant's claim that the one-year sentence of imprisonment he received was harsh and excessive.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.