OPINION OF THE COURT
Joseph S. Calabretta, J.
Defendant herein pleaded guilty to attempted promoting prostitution in the second degree (Penal Law §§ 110.00, 230.30), a D felony under indictment No. 6388/85, on July 9, 1986.
On January 7, 1987, he was sentenced to a term of five years’ probation.
On April 8, 1987, a declaration of delinquency was filed with the court setting forth various violations including an arrest and conviction for theft of services (Penal Law § 165.15), an A misdemeanor, under New York Criminal Court docket No. 7N015292 on February 14, 1987.
Defendant now moves to dismiss the violation of probation *609 alleging that at the time of his sentencing of probation he was not given a written copy of the conditions of probation as required by law and thus could not have violated probation since the sentence of probation was not a valid sentence.
The Department of Probation contends that the defendant’s commission of any additional offense while on probation is a per se violation of probation.
CPL 410.10 states:
"Specification of conditions of the sentence
"1. When the court pronounces a sentence of probation or of conditional discharge it must specify as part of the sentence the conditions to be complied with. Where the sentence is one of probation, the defendant must be given a written copy of the conditions at the time sentence is imposed. In any case where the defendant is given a written copy of the conditions, a copy thereof must be filed with and become part of the record of the case, and it is not necessary to specify the conditions orally.
"2. Commission of an additional offense, other than a traffic infraction, after imposition of a sentence of probation or of conditional discharge, and prior to expiration or termination of the period of the sentence, constitutes a ground for revocation of such sentence irrespective of whether such fact is specified as a condition of the sentence.”
Although subdivision (1) provides that a defendant must be given a written copy of the conditions of probation at the time sentence is imposed, it is the opinion of this court that subdivision (2) becomes operative regardless of whether a defendant has received a written copy of such conditions.
Since the commission of an additional offense constitutes a ground for revocation of probation "irrespective of whether such fact is specified as a condition of the sentence” it is clear that the Legislature intended that such conduct on defendant’s part is to be treated differently than other possible violations (i.e., failure to report to a probation officer). To allow this defendant to avoid any and all present and future violations while serving his present sentence as a result of a possible ministerial error would be to thwart the whole purpose of probation in the first instance. This court will not allow that to happen.
There is no doubt that this defendant, who is no newcomer to the criminal justice system, understood the nature and purpose of being placed on probation at the time of sentence. *610 Since the present violation for commission of any additional offense did not have to be specified as a Condition of the sentence, defendant’s physical receipt of said condition, or any conditions, for that matter, did not violate his rights, nor vitiate his sentence.
Therefore, defendant’s motion is denied and the defendant is found to be in violation of his probation and will be sentenced accordingly.