■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GLENN BRAND, Appellant.—Judgment unanimously affirmed. Memorandum: A defendant convicted of a felony may not be sentenced until the court has ordered a presentence investigation and received a written report on that investigation (CPL 390.20 [1]). Although CPL 390.20 does not expressly provide procedures to be followed upon the revocation of a sentence of probation where the underlying conviction is a felony *(see, People v Goon,* 124 AD2d 347, 348, *lv denied* 69 NY2d 711; *People v Halaby,* 77 AD2d 717, 718 [Kane, J., concurring]), it has been held that a presentence report is required in such circumstances *(see, e.g., People v Bellis,* 115 AD2d 237; *People v Jackson,* 106 AD2d 93; *People v Stanton,* 96 AD2d 652). A report is not required, however, where the court is "fully familiar with any changes in defendant's status, conduct or condition which may have occurred * * * since the previous sentence of probation was imposed" *(People v Tyrrell,* 101 AD2d 946, 947; *see, People v Goon, supra; People v Jackson, supra; see also, People v Halaby, supra).*

Here, following a probation violation hearing, the court revoked defendant's lifetime probation and imposed a sentence of one-year-to-life imprisonment without first obtaining an updated presentence report. The record demonstrates, however, that the court was sufficiently apprised of the factors relevant to defendant's background and status before the imposition of sentence. The violation hearing testimony and documents received by the court prior to sentencing provided the relevant background material and obviated the need for an updated presentence report. In any event, when the court stated that a presentence report would be prepared, defendant requested immediate resentencing, thus knowingly waiving any right to the report *(see, People ex rel. Seaman v Warden,* 53 AD2d 848). (Appeal from judgment of Supreme Court, Monroe County, Boomer, J.—violation of probation.) Present—Dillon, P. J., Callahan, Balio and Davis, JJ.