*796 OPINION OF THE COURT
Donald J. Wisner, J.
This is an appeal from a judgment of conviction entered August 26, 1987 in the Rochester City Court convicting the defendant-appellant (Miller) of a violation of probation. Defendant’s probation was revoked, and he was sentenced to one year in the Monroe County Jail. A stay has been in effect since pursuant to CPL 460.50.
The defendant raises two significant issues concerning his sentencing. The first is he was not given a written copy of probation orders at the time of sentencing. He originally pleaded guilty on October 21, 1986 in Rochester City Court to a charge of sexual abuse in the second degree. He was sentenced on January 16, 1987 to three years’ probation with a term of shock probation of 60 days’ incarceration in the Monroe County Jail. It is undisputed that at the time of that sentence on January 16, 1987 Miller was not provided with a written copy of the terms and conditions of probation as required by statute (CPL 410.10 [l]).[1] The Judge below read some of the most important conditions to Miller, which included one condition that he allegedly later violated, i.e., to remain within Monroe County. The violation filed included two technical charges that were eventually sustained, that is, changing his address without notifying his probation officer and failing to remain within the jurisdiction of the court (moving to Wayne County).
The issue of probation orders prepared in advance by the Probation Department has long troubled this court. Since the orders are prepared in advance, they cannot anticipate the arguments of counsel at the time of sentencing, nor is there often time at the sentencing to redraft the orders. Presumably, the court is to listen to counsel and respond, often changing the timing of weekend sentences to meet a work schedule that is unknown until sentencing, or perhaps to add alcohol conditions, or specific conditions urged by the District Attorney with regard to the victims in the case.
The practical problems of complying with CPL 410.10 (1) have not prompted a change in the clear language of the statute.
CPL 410.10 (1) provides: "When the court pronounces a *797 sentence of probation or of conditional discharge it must specify as part of the sentence the conditions to be complied with. Where the sentence is one of probation, the defendant must be given a written copy of the conditions at the time sentence is imposed. In any case where the defendant is given a written copy of the conditions, a copy thereof must be filed with and become part of the record of the case, and it is not necessary to specify the conditions orally.” (Emphasis added.)
The language is mandatory; the words unequivocal; the statute will permit only a literal interpretation. The legislative intent, knowing that sentencing can be an emotional time where the import of words spoken may be missed, has been to require that a written copy be given to the defendant. Presumably, he will peruse this at his leisure — at least the opportunity is there — before he is held to its terms and conditions.
Yet, this clear mandate of the Legislature flies in the face of the defendant’s right of allocution (CPL 380.50). The right to be heard at the time of sentencing (and not before) (People ex rel. Miller v Martin, 1 NY2d 406); the evolving right of victims to be heard at sentencing (People v McCarthy, 136 Misc 2d 623); and the statutory right of the District Attorney to be heard (CPL 380.50), all crowd the court’s ability to hear arguments, decide terms, adjust the wording, and then promulgate in written form the orders. Referring to the right of allocution, Judge Bellacosa says this is one of the most solemn and meaningful aspects of the entire criminal proceeding. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 380.50, at 163.) Many of the orders in probation cases today may run three or more pages detailing alcohol treatment plans, people not to associate with, where and how to report for weekend sentences, etc. The need for a written copy for adequate notice and for future reference is well justified.
In this case, defendant was furnished a written copy of the order of probation by Probation Officer Steele on February 23, 1987 while still serving the 60-day definite sentence imposed on January 16, 1987. She explained the terms and he signed, acknowledging receipt.
Defendant contends only the court can issue the orders of probation and relies on People v Fuller (57 NY2d 152). Fuller more properly stands for the proposition that the court’s role in imposing conditions cannot be delegated — in that case, the amounts and schedule of restitution. That is not what hap *798 pened here. The court signed and issued the order. Its communication was left to the probation officer. That occurred at a time before the conditions of probation were in effect (his release from jail). The defendant has been unable to point to any similar case where reversal was required. On the facts of this case, no substantial right of the defendant has been prejudiced. Accordingly, the failure to comply with CPL 410.10 (1) is not grounds for reversing defendant’s conviction for violation of probation.[2]
The resolution of the legal issue in this case still leaves the particular method of compliance for future cases in doubt. A proposed solution may involve the use of a Probation Officer in court or at a central area redrafting orders with a word processor and having defendants sign them before they leave the courthouse. Another possible solution might involve having presentence investigative reports due a week before sentencing, so that counsel can review the sentencing conditions. A standard waiver may be executed at the time of sentencing, wherein the defendant indicates that he agrees to review and receive the conditions from his probation officer.
The second issue raised by the defendant concerns his sentencing on August 26, 1987 following the hearing on the violation of probation. At that time, the defendant was sentenced to one year in the Monroe County Jail without benefit of a new written presentence investigative report. CPL 390.20 (2) (b) mandates the preparation and use of a presentence investigation (PSI) in misdemeanor cases where as in this case a sentence of imprisonment for a term in excess of 90 days is given.
The court had previously reviewed the PSI prepared for the original sentencing on January 16, 1987. That report was completed November 24, 1986, nine months before. The court clearly remembered the facts of defendant’s case and had conducted a probation violation hearing before imposing sentence. At the hearing, Probation Officer Steele testified concerning defendant’s knowledge of the terms of probation and his violation. A child protective worker testified concerning defendant’s residence in Wayne County at or near the residence of Sherry De Hully, who was 14. The court found defendant not guilty of residing with a female under the age *799 of 18 (Sherry De Hully, age 14) but guilty of two "technical” violations: changing his address without notifying his probation officer and failure to remain within the jurisdiction of the court (moving to Wayne County).
The lack of an updated PSI before sentencing a defendant on a violation of probation is error requiring reversal. (People v Bellis, 115 AD2d 237 [4th Dept 1985] [where lVi years passed between original PSI and resentencing]). Reversal was not required where only two months had passed and defendant had been continuously confined. (People v White, 115 AD2d 313.) The application of the statute is not made to depend on defendant’s cooperating. It provides a benefit to the community. (People v Andujar, 110 AD2d 606 [conviction reversed although defendant didn’t object to being sentenced without a PSI].) It cannot be waived or forfeited. (People v Villegas, 146 AD2d 228.)
While CPL 390.20 (2) does not explicitly address the requirements of a presentence investigative report upon resentencing for a violation of probation, the courts have uniformly interpreted CPL 390.20 (1) to require such a report in felony cases. (People v Jackson, 106 AD2d 93.) There appears to be no good reason why the same rule should not apply in misdemeanor cases. The purpose of obtaining a presentence investigative report is to provide the court with a summary of the defendant’s conduct and any relevant changes in his status since the previous PSI. Courts have permitted an updated presentence report or its functional equivalent, such as a probation violation packet with updated summary to be used. (People v Goon, 124 AD2d 347; People v Jackson, supra.) But the information must be current. (People v Laster, 140 AD2d 233; People v Roberts, 143 AD2d 560.) Courts have also approved sentencing without an updated PSI if the probation officer at the time of the probation violation hearing gives information on the defendant’s conduct and any changed conditions since the time of the original report. (People v Allen W., 129 AD2d 867.)
Unfortunately, in this case a reading of the transcript of the probation violation hearing does not disclose that any effort was made to review defendant’s progress while on probation. Testimony was limited to evidence of violations of the three conditions specified. Further, the record does not disclose whether a probation summary reviewing defendant’s case *800 accompanied the violation papers and was considered by the court.
Accordingly, the conviction is reversed and the matter remitted to the Rochester City Court for the ordering of an updated presentence investigation report and for resentencing.

. In defense of the learned court below, the furnishing of a written copy of probation orders at sentencing is more honored in the breach.

. Compare People v Hicks (138 Misc 2d 608), where the violation was based upon a new charge that under CPL 410.10 (2) need not be a specified condition.