(November 2, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO GORDON, Also Known as LEO HUGGINS, Appellant.—Judgment, of resentence, Supreme Court, New York County (Leslie C. Snyder, J.), rendered on July 28, 1987, convicting defendant, upon his plea of guilty, of violation of probation, and sentencing defendant to an indeterminate term of from 1 to 3 years, unanimously modified, on the law, to vacate the sentence and to remand for resentencing after consideration by the sentencing court of an updated presentencing report, and except as so modified, affirmed.

On June 27, 1986 defendant, having entered a plea of guilty to criminal possession of a controlled substance with intent to sell in the fifth degree, was given a split sentence of six months in prison and five years' probation. More than one year later, on July 28, 1987, defendant pleaded guilty to violation of probation and in the judgment here appealed was sentenced to a 1-to-3-year term, which term was to run consecutively to a sentence of 1½ to 3 years on an unrelated Bronx County third degree burglary conviction. At the time defendant was sentenced for violation of probation the court did not have before it an updated presentencing report.

It is well established that before sentencing a defendant convicted of a felony, the court must order, receive and, of course, consider a current presentencing report (CPL 390.20 [1]; *People v Selikoff,* 35 NY2d 227, 238, *cert denied* 419 US 1122; *People v Andujar,* 110 AD2d 606, 607; *People v Laster,* 140 AD2d 233; *People v Saez,* 121 AD2d 947, 948, *affd* 69 NY2d 802). Where, as here, the defendant is sentenced for violation of probation, the presentencing report upon which the probationary sentence was based must ordinarily be updated to reflect any changes in the defendant's circumstances

relevant to the new sentence *(see, People v Bellis,* 115 AD2d 237; *People v Jackson,* 106 AD2d 93, 98; *People v Stanton,* 96 AD2d 652; for exceptions, *see, e.g., People v Tyrrell,* 101 AD2d 946, 947; *People v Brand,* 138 AD2d 966, 967). It cannot be presumed that the original report remains current, particularly when a substantial period, here 13 months, has passed since the probationary sentence was imposed.

Although it is conceded that no updated presentencing report was prepared, the People urge that a June 18, 1987 presentencing report prepared in connection with defendant's third degree burglary conviction in The Bronx was the functional equivalent of an updated report. However, there is no evidence, and we may not assume that the June 18, 1987 Bronx County report was before the court in this unrelated New York County matter *(see, People v Jackson,* 106 AD2d, *supra,* at 98-99).

As we have determined that defendant must be resentenced, we do not reach his contention that the sentence imposed was excessive *(see, People v Halaby,* 77 AD2d 717, 718). Concur— Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.