■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HILL, Appellant.—Judgment of the Supreme Court, New York County (Felice Shea, J., at identification hearing and at trial with a jury), rendered September 2, 1986, convicting defendant of three counts of grand larceny in the first degree, three counts of attempted grand larceny in the first degree, two counts of bribe receiving in the second degree and two counts of official misconduct and sentencing defendant to eight indeterminate terms of imprisonment of from 1 to 3 years, and two definite jail terms of one year, all terms to run concurrently, unanimously affirmed.

Defendant was convicted of abusing his official position as a police attendant at Manhattan Central Booking. In two separate incidents, he told prisoners that the processing of their arrests would be delayed if he was not paid. The testimony of the second trio of victims was corroborated by another police attendant who pleaded guilty before trial.

There is no merit to defendant's claim that his guilt was not supported by the credible evidence *(cf., People v Bleakley,* 69 NY2d 490, 495). Nor is there any merit to defendant's claim that he is entitled to a new trial because the court did not allow him to introduce extrinsic evidence to show that one of the trio of earlier victims had a prior conviction for a violation and was the subject of a bench warrant. Extrinsic proof of a bench warrant is not admissible, and the record does not show that the witness was properly asked if he had been previously convicted of a "specified offense" (CPL 60.40 [1]). Finally, defendant's contention that his sentence is excessive is rendered moot by his discharge from parole prior to the perfection of this appeal. Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.