■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PAGAN, Appellant.—Judgment of resentence, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered April 21, 1989, convicting defendant on his plea of guilty to criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of from three to nine years incarceration, unanimously affirmed.

On September 23, 1988, defendant pleaded guilty to a violation of probation for possession of heroin, and was "restored to probation" pending sentencing on November 18, 1988. A presentence report, which recommended incarceration due to defendant's failure to attend a drug rehabilitation program, was prepared for November 18, but defendant failed to appear, and was eventually returned on a warrant on April 21, 1989. At that time, the court revoked probation and sentenced defendant as noted above.

We reject defendant's argument that new charges and a new hearing were required prior to revoking defendant's probation. The argument is predicated on the assumption that when the court restored defendant to probation on September 23, it was, in fact, pronouncing sentence. In context, and given the fact that a date was set for sentencing, we think it clear that the court simply meant that defendant was to remain at liberty pending sentence.

Nor, under the circumstances presented, was it error for the court to sentence defendant without ordering a presentence report detailing his activities during the five-month period in which he was an absconder. *(Cf., People v Gordon,* 155 AD2d 225.) The presentence report prepared for the November 18, 1988 sentencing date was sufficient.

We have examined defendant's other argument and find it to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.