■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LALONDE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment finding him guilty of violating his probation and sentencing him to 1-⅓ to four years, defendant's primary challenge is that the procedure followed by the court violated the rule recently formulated in *People v Rodney E.* (77 NY2d 672). In that case, the Court of Appeals condemned the practice of placing a defendant on "interim probation" prior to sentencing. Here, in contrast, defendant was sentenced on his attempted burglary conviction to a six-month period in jail followed by a period of probation. Immediately upon defendant's first violation of that probation, the court accepted his admission to such violation. The court thereafter adjourned sentencing with the express consent of defendant and his counsel while continuing the terms of

defendant's original probationary sentence. That procedure is authorized by CPL 410.70 (5).

The court properly sentenced defendant without first ordering an updated presentence investigation. Although an updated report is normally the requirement, where defendant is resentenced after violating probation and, where, as here, the court is fully familiar with any changes in defendant's status, conduct or condition since the old report was prepared, an updated report is not required (see, People v Brand, 138 AD2d 966, 967, lv denied 71 NY2d 966; People v Allen W., 129 AD2d 867, 868; People v Tyrrell, 101 AD2d 946, 947).

Additionally, defendant contends that the court denied him an opportunity to withdraw his admission. We agree that the court was obligated to allow defendant to withdraw his admission once it became apparent that the court could not abide by its promise not to sentence defendant to incarceration (cf., People v Rodney E., supra, at 676). Indeed, the court seems to have understood that obligation inasmuch as it had told defendant, in the course of the proceedings, that it would allow him to withdraw his "plea" in that event. Nevertheless, defendant did not move to withdraw his admission at any time, even after he was charged with an additional seven violations of probation and was expressly told by the court that he would be imprisoned. Defendant, by his failure to move to withdraw his guilty plea, has not preserved the issue for our review (see, CPL 220.60 [3]; People v Lopez, 71 NY2d 662, 665).

Finally, we conclude that the sentence is not excessive in view of defendant's criminal record, the nature of his original conviction, and his repeated violations of probation. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Violation of Probation.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.