■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS STEWART, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 6, 1990, which revoked defendant's probation and imposed a sentence of imprisonment.

On April 21, 1989, defendant was convicted of driving while intoxicated as a felony and sentenced to a 90-day jail term and five years' probation. In February 1990, County Court declared defendant delinquent as the result of allegations that he violated the terms of his probation by consuming alcoholic beverages and by failing to report to his probation officer or to perform mandated community service. On May 23, 1990, defendant admitted that he violated the terms of his probation. On June 6, 1990, County Court revoked defendant's sentence of probation and resentenced him to a prison term of 1 to 3 years. Defendant appeals.

We are not persuaded by the contentions that defendant was denied effective assistance of counsel and that the sentence imposed by County Court was harsh and excessive. However, in view of the passage of approximately 15 months from the time of preparation of the presentence report, we agree with defendant that County Court erred in failing to obtain an updated report prior to imposing sentence (see, People v Simpson, 179 AD2d 831; People v Bellis, 115 AD2d 237). Contrary to the assertion of the People, this is not a case where County Court had before it the " ' "functional equivalent" ' " of a presentence report (see, People v Gilyard, 161 AD2d 464; People v Goon, 124 AD2d 347, 348, lv denied 69 NY2d 711) or where defendant waived the requirement of an

up-to-date report *(see, People v Brand,* 138 AD2d 966, 967, *lv denied* 71 NY2d 966). Nor does the record support the claim that County Court was "fully familiar with any changes in defendant's status, conduct or condition which may have occurred * * * since the previous sentence of probation was imposed" *(People v Tyrrell,* 101 AD2d 946, 947). Finally, in view of the People's acknowledgment that defendant is on parole, it is clear that the sentence has not expired and the appeal is, accordingly, not moot *(see, People v Slavik,* 42 AD2d 720; *cf., People v Hill,* 161 AD2d 520, *lv denied* 76 NY2d 940).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the amended sentence; matter remitted to the County Court of Ulster County for resentencing in accordance with this court's decision; and, as so modified, affirmed.