■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN ROBERTS, Appellant. [625 NYS2d 569] —Appeal by the defendant from an amended sentence of the County Court, Westchester County (LaCava, J.), rendered October 4, 1993, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.

Ordered that the amended sentence is affirmed.

Inasmuch as the challenged sentence was imposed following a violation of probation hearing and an adjudication that the defendant was guilty of the violation, his contention that the court should have sentenced him pursuant to the purported terms of an alleged prior plea agreement is without merit. In any event, the record fails to set forth any alleged sentence promise *(see, People v Curdgel,* 83 NY2d 862; *People v Hood,* 62 NY2d 863), and the defendant's factual claims regarding the proceedings are dehors the record *(see, People v Otero,* 201 AD2d 675; *People v Clark,* 175 AD2d 212).

Given the brief period between the imposition of the original sentence and the resentencing, the defendant's incarceration for much of that period, and the additional current information furnished to the court regarding any changes in the defendant's circumstances during this period, we find that the court did not improvidently exercise its discretion in resentencing the defendant without a formal, updated presentence report *(see, People v Kuey,* 83 NY2d 278; *People v Schalk,* 198 AD2d 915; *People v Wilkinson,* 197 AD2d 872; *People v LaLonde,* 178 AD2d 944; *People v Sanchez,* 143 AD2d 377; *People v White,* 115 AD2d 313).

The defendant's sentence is neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.