Stephen T. ROBERTS, Petitioner,

v.

The SUPERINTENDENT, GROVELAND CORRECTIONAL FACILITY, Respondent.

No. 97 Civ. 0260(BDP).

United States District Court, S.D. New York.

Nov. 16, 1998.

Stephen T. Roberts Marcy, NY, pro se.

Joseph M. Latino, Asst. Dist. Atty., Westchester County District Attorneys Office, White Plains, NY, for Respondent.

### DECISION AND ORDER

PARKER, District Judge.

Before the Court is the Petition for habeas corpus of Stephen T. Roberts pursuant to 28 U.S.C. § 2254 challenging the sentence he received for violation of probation. Roberts, who had been sentenced for assault in the second degree, challenges his sentencing for violation of a condition of his probation on the ground that it violated due process under the Fifth and Fifteenth Amendments of the United States Constitution since the sentencing court failed to abide by an alleged off the record oral agreement to sentence him to a lesser term of incarceration.

The Petition was referred to the Honorable Lisa Margaret Smith, United States Magistrate Judge, for a Report and Recommendation. The Magistrate Judge has filed her Report dated July 30, 1998. Familiarity with that Report is assumed. Roberts filed objections to the Magistrate's Report dated August 15, 1998. The objections, in a general fashion, dispute the Magistrate's conclusions and reiterate the grounds previously stated in support of the Petition. Having considered those objections, we find them, following our *de novo* review of the record to be without merit.

The Petition raises four somewhat related grounds for relief. Roberts asserts (1) that the Court violated due process by sentencing him to a greater sentence than the one year that had been allegedly agreed to off the record; (2) that the state court's failure to adjourn the sentencing until an updated presentence report could be prepared was an error of constitutional magnitude; (3) the state court's sentence was unduly harsh and its excessiveness violated Petitioner's rights to due process and (4) that the state court violated Petitioner's rights to due process by its failure to place the alleged plea agreement on the record.

Roberts was charged in 1993 in Westchester County Court with one count of assault in the first degree, one count of assault in the second degree, one count of attempted assault in the second degree, three counts of criminal possession of a weapon in the third degree, and one count of menacing and violation of New York Criminal Law §§ 120.10, 120.05, 110/120.05, 265.02, and 120.15 respectively.

On March 5, 1993, Roberts plead guilty to second degree assault in full satisfaction of the charges before the Honorable John R. LaCava, Westchester County Court. During this proceeding and subsequent relevant proceedings Roberts was represented by counsel. Roberts was sentenced to five years probation, restitution, and a term of imprisonment of time served. As a part of this agreement, Robert waived his right to appeal.

On July 1 and July 30, 1993, Roberts was rearrested and his rearrest led to proceedings to revoke his probation. Roberts was arraigned on a probation violation on September 23, 1993 before Judge LaCava and on September 28, he appeared before the Court with counsel. Following a sidebar discussion with counsel and the Court, Petitioner admitted to the probation violation. He was released on his own recognizance and an updated presentence report was ordered. The same day Petitioner admitted to the probation violation, he was arrested again for assault in the second degree. This new arrest was brought to the attention of Judge LaCava on October 1, 1993, at which time Petitioner's bail was revoked and he was remanded.

Three days later on October 4, Roberts and his attorney appeared before Judge LaCava for a probation hearing. There was no mention on the record of Petitioner's prior admission to the probation violation. Nor was there any discussion of the updated presentence report which had been ordered on September 28, 1993. In any event, on October 4 in the absence of the presentence report and in the absence of objections to proceedings by Roberts or his counsel or reference of the prior admission to a probation violation, a hearing was held. Following the hearing, the Court concluded that Roberts had violated his probation. At that point the prosecutor noted that the availability of the presentence report used in the prior proceeding as supplemented by the violation petition, and suggested to the Court that these documents were a sufficient basis on which Roberts could be sentenced. Roberts' counsel did not object and, in addition, indicated that he knew of no legal reason why sentence could not be imposed at that time. Judge LaCava then sentenced Roberts to two and one-third to seven years in prison.

Roberts appealed his revocation of probation and resentencing, asserting essentially the same issues raised in this Petition. The Appellate Division affirmed the sentence imposed for revocation of probation on April 3, 1995. *See People v. Roberts*, 214 A.D.2d 592, 625 N.Y.S.2d 569 (2d Dep't 1995). The Appellate Division concluded the record failed to set forth any prior sentencing promise and that the sentence was imposed followed a complete hearing and was not predicated on the alleged off-the-record plea agreement. The Appellate Division also concluded that the sentencing court did not abuse its discretion in failing to secure an updated presentence report. Leave to appeal to the Court of Appeals was denied. *See People v. Roberts*, 85 N.Y.2d 979, 629 N.Y.S.2d 739, 653 N.E.2d 635 (1995). Petitioner later moved, unsuccessfully, pursuant to C.P.L. § 440.20 to set aside his sentence. This Petition followed.

 In her Recommendation, the Magistrate correctly concluded that only Roberts

first claim has been exhausted, because it was the only claim that Roberts had pressed on direct appeal. His second claim alleging failure of the trial court to adjourn sentencing until an updated presentence report was available, his third claim was an unduly harsh sentence, and his fourth claim that failure to place the sentencing agreement on the record violate due process were not exhausted. We conclude that the second and third claims were not exhausted, However, we find that the fourth claim was, in fact, raised with sufficient reference to the United States Constitution to have been preserved. But in any event, the fourth claim is procedurally barred. Since it could have been, but was not timely pursued on direct appeal, there was an independent and adequate state ground for the court's decision. *See Harris v. Reed,* 489 U.S. 255, 260–63, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *see also, Bacchi v. Senkowski,* 884 F.Supp. 724, 731 (E.D.N.Y. 1995); *aff'd,* 101 F.3d 683 (2d Cir.). The Magistrate Judge correctly concluded that the existence of this adequate and independent state ground would not serve as a procedural bar only if the Petitioner can show cause for failing to raise his federal constitutional claim on direct appeal and actual prejudice from the alleged constitutional violation. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Roberts has met neither prong of that test.

Finally, as the United States Magistrate Judge correctly points out, even if the second and third claims had been exhausted, they, in any event, lack merit. The failure to await an updated presentence report is a matter of state law that does not implicate federal constitutional rights. Similarly, Roberts third claim alleging an excessive sentence presents no federal constitutional issues where the sentence is "within the range prescribed by state law." *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992).

Finally, there is no merit to the contention that the failure to adhere to an alleged off-the-record sentencing commitment violated due process. As previously noted, at sentencing Roberts, who was represented by counsel, posed no objection to the probation violation proceeding, to the adjudication of guilt or to the resulting sentence. Under the circumstances, the alleged oral promises, if it did exist, was waived.

The Report and Recommendation of the Magistrate Judge is hereby approved and adopted as the decision of this Court. Petitioner presents no questions of substance for appellate review. I conclude that a Certificate of Appealability should not issue. I further conclude that any appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a). The Clerk of the Court shall issue a final judgment dismissing the Petition.

**SO ORDERED.**