■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY E. GILI, Appellant. [749 NYS2d 912] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 8, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

In March 1999, defendant pleaded guilty to the crime of criminal contempt in the first degree and was sentenced to a term of probation. He violated certain of the probationary conditions when he was arrested in August 1999 on charges of criminal mischief in the fourth degree, harassment and unlawful possession of marihuana. At a hearing held in October 1999, County Court informed defendant that if he admitted his violation of the terms of his probation and further admitted his guilt of the charged crimes, his sentencing would be adjourned to enable him to participate in a hospital inpatient program for substance abuse. Completion of the program was made a condition for the restoration of his probation, as was his appearance before County Court on a date certain. Defendant was expelled from the program after he absconded therefrom and was later found drinking in a bar. He also failed to appear before County Court on the specified date and was arrested on a bench warrant several months later. In September 2000, after several adjournments, defendant's probation was revoked and he was sentenced by County Court to a prison term of 1⅓ to 4 years. Defendant appeals challenging his sentence as harsh and excessive.

In light of defendant's demonstrated inability to abide by the conditions of probation, we are not persuaded that the sentence imposed, which is within the permissible statutory range, was harsh and excessive (*see People v Barkley*, 289 AD2d 880; *People v Medinilla*, 279 AD2d 891, *lv denied* 96 NY2d 803) nor does the record disclose any extraordinary circumstances warranting our intervention (*see People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.