THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMPLEE ROWELL, Appellant. [773 NYS2d 658]—Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered March 12, 2002. The judgment revoked defendant's probation and imposed a term of imprisonment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment, entered upon his admission of a violation of probation, revoking the term of probation imposed upon his conviction of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and sentencing him to an indeterminate term of incarceration of 2 to 6 years. We reject the People's contention that the appeal was rendered moot by defendant's release to parole supervision. Because defendant "remains under the control of the Parole Board until his sentence has terminated, an appeal from the judgment in question is not moot" (*People v Slavik*, 42 AD2d 720, 720-721 [1973]; *see People v Stewart*, 185 AD2d 381, 382 [1992], *lv denied* 80 NY2d 977 [1992]). Contrary to defendant's contention, Supreme Court had the benefit, prior to sentencing, of an updated presentence report (*cf. People v Klinkowski*, 281 AD2d 972, 972-973 [2001], *lv denied* 96 NY2d 831 [2001]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.