THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OPHELIA BRANDON, Appellant. [828 NYS2d 124]—

Appeal by the defendant from an amended judgment of the County Court, Orange County (Rosenwasser, J.), rendered April 21, 2005, revoking a sentence of probation previously imposed by the same court upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of criminal contempt in the first degree.

Ordered that the amended judgment is affirmed.

The defendant's claim that the County Court failed to comply

with the procedure mandated by CPL 410.70 (2) before resentencing her on a violation of probation (hereinafter the VOP) is unpreserved for appellate review (*see People v Maglione,* 18 AD3d 670 [2005]; *People v Kyem,* 272 AD2d 136 [2000]). In any event, the claim is without merit. The court properly revoked probation and imposed a sentence of imprisonment upon the defendant's admission to violating probation by, inter alia, failing to report to her probation officer, failing to attend an outpatient alcohol and substance abuse program resulting in her being terminated from the program, and violating an order of protection. Contrary to the defendant's contention, the court was not required to file a new statement under CPL 410.70 (2) when the defendant absconded from a residential treatment program to which she was admitted during the adjournment of sentencing (*see People v Gili,* 300 AD2d 696 [2002]; *People v Pagan,* 172 AD2d 233 [1991]). We note that the court, at the proceeding on the VOP petition, expressly advised the defendant that if she failed to comply with the new condition of probation, she would be resentenced to a term of imprisonment. Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.