# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

506

KA 11-02188

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

STEPHEN M. BARBER, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (TYSON BLUE OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a resentence of the Ontario County Court (Stephen D. Aronson, A.J.), rendered August 19, 2011. Defendant was resentenced upon his conviction of robbery in the third degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted, upon his plea of guilty, of robbery in the third degree (Penal Law § 160.05), and he appeals from a resentence with respect to that conviction. We note at the outset that defendant's release to parole supervision does not render moot his contention that the sentence is unduly harsh or severe because he "remains under the control of the Parole Board until his sentence has terminated" (*People v Hannig*, 68 AD3d 1779, 1780, *lv denied* 14 NY3d 801 [internal quotation marks omitted]; *see People v Rowell*, 5 AD3d 1073, 1074, *lv denied* 2 NY3d 806). We nevertheless reject defendant's contention with respect to the severity of the sentence. Because County Court imposed the minimum sentence authorized for a class D felony committed by a second felony offender (*see* Penal Law §§ 70.06 [3] [d], [4] [b]; 160.05), there is no basis for the exercise of our authority to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Fiorello*, 97 AD3d 763, 763; *People v Agha*, 239 AD2d 930, 931, *lv denied* 90 NY2d 854). Defendant's further contention that the court erred in failing to hold a hearing pursuant to CPL 420.40 to determine whether his obligation to pay the mandatory surcharge should be deferred until his release is rendered academic by his release to parole supervision.

Entered: May 3, 2013                          Frances E. Cafarell
                                              Clerk of the Court