People v Jirdon (2018 NY Slip Op 02040)





People v Jirdon


2018 NY Slip Op 02040


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


95 KA 15-01697

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LELAND JIRDON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Supreme Court, Erie County (Sheila A. DiTullio, A.J.), rendered July 9, 2015. Defendant was resentenced to a determinate term of incarceration of five years followed by five years' postrelease supervision. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [1]), and he now appeals from a resentence with respect to that conviction. Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (see People v Porterfield, 107 AD3d 1478, 1478 [4th Dept 2013], lv denied 21 NY3d 1076 [2013]; see generally People v Lopez, 6 NY3d 248, 256 [2006]).
Although defendant validly waived his right to appeal during the plea proceeding, the waiver does not preclude his challenge to the resentence under the circumstances of this case. As a condition of his plea, defendant agreed to waive his right to appeal the conviction and sentence in exchange for the minimum lawful sentence for a second violent felony offender (see Penal Law §§ 70.04 [3] [b]; 70.45 [2]). After it was determined that defendant did not qualify as a predicate felon, Supreme Court—contrary to the sentencing commitment to defendant at the time of the plea and waiver of the right to appeal—resentenced defendant to a sentence greater than the minimum lawful sentence (see §§ 70.02 [3] [b]; 70.45 [2] [f]). Where, as here, the sentencing conditions under which a defendant agrees to waive the right to appeal change following the waiver, the defendant is not precluded by that waiver from challenging the severity of a subsequent resentence (see People v Gray, 32 AD3d 1052, 1053 [3d Dept 2006], lv denied 7 NY3d 902 [2006]; People v Tausinger, 21 AD3d 1181, 1183 [3d Dept 2005]; see also People v Allen, 97 AD3d 1164, 1164 [4th Dept 2012], lv denied 19 NY3d 994 [2012]). Moreover, inasmuch as "defendant was not asked [during resentencing] if he further agreed to waive his right to pursue an appeal regarding the modified terms of his sentence, he is not foreclosed from requesting appellate review of . . . the severity of the imposed sentence" (People v Johnson, 14 NY3d 483, 487 [2010]). We also note that "defendant's release to parole supervision does not render his challenge moot because he remains under the control of the Parole Board until his sentence has terminated' " (People v Sebring, 111 AD3d 1346, 1347 [4th Dept 2013], lv denied 22 NY3d 1159 [2014]; see People v Rowell, 5 AD3d 1073, 1074 [4th Dept 2004], lv denied 2 NY3d 806 [2004]). We nevertheless conclude that defendant's sentence is not unduly harsh or severe.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court