People v Shaland S. (2020 NY Slip Op 05668)





People v Shaland S.


2020 NY Slip Op 05668


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


909 KA 18-01929

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHALAND S., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 8, 2018. The judgment revoked a sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted upon his plea of guilty of burglary in the second degree (Penal Law §§ 20.00, 140.25 [2]) and was sentenced to a period of probation and ordered to pay, inter alia, restitution. Defendant now appeals from a judgment revoking the sentence of probation and imposing an indeterminate term of incarceration. At the sentencing on the violation of probation, Supreme Court converted the outstanding amount of restitution to a civil judgment.
Defendant's contention that the amount of restitution is not supported by the record is not properly before us (see generally People v Panek, 256 AD2d 1238, 1239 [4th Dept 1998], lv denied 93 NY2d 856 [1999]). Where, as here, "a resentence occurs more than thirty days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence" (CPL 450.30 [3]; see generally People v Ralston, 303 AD2d 1010, 1011 [4th Dept 2003]).
Defendant also contends that the court erred in converting the outstanding restitution to a civil judgment and that we should thus vacate the civil judgment because it violates the statutory framework of CPL article 720 inasmuch as the civil judgment carries lingering financial consequences if left unpaid and has been docketed by the clerk in a way that leaves certain information regarding the money judgment accessible to public view. That contention, however, is not properly before us on this appeal (see generally People v Abujudeh, 121 AD3d 1532, 1533 [4th Dept 2014], lv denied 25 NY3d 1158 [2015]; People v Baron, 133 AD2d 833, 834-835 [2d Dept 1987], lv denied 70 NY2d 929 [1987]; see also People v Spencer, 145 AD3d 1508, 1509 [4th Dept 2016], lv denied 29 NY3d 1037 [2017]).
Defendant next contends that the sentence is unduly harsh and severe. As an initial matter, we agree with defendant that his release to parole supervision does not render moot his challenge to the severity of the sentence because he remains under the control of the Parole Board until his sentence has terminated (see People v Barber, 106 AD3d 1533, 1533 [4th Dept 2013]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court