People v Nathan (2021 NY Slip Op 01621)





People v Nathan


2021 NY Slip Op 01621


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


295 KA 16-02344

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY J. NATHAN, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 7, 2016. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the sentence is unduly harsh and severe. Initially, we note that "defendant's release to parole supervision does not render his challenge to the severity of the sentence moot because he remains under the control of the Parole Board until his sentence has terminated" (People v Williams, 160 AD3d 1470, 1471 [4th Dept 2018] [internal quotation marks omitted]; see People v Shaland S., 187 AD3d 1683, 1684 [4th Dept 2020], lv denied — NY3d — [2021]; People v Fox, 173 AD3d 1680, 1681 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). In addition, as the People correctly concede, Supreme Court provided defendant with erroneous information about the scope of the waiver of the right to appeal, and failed to identify that certain rights would survive the waiver. Therefore, we conclude that the colloquy was insufficient to ensure that defendant's waiver was voluntary, knowing, and intelligent (see People v Bisono, — NY3d &mdash, &mdash, 2020 NY Slip Op 07484, *2 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). The better practice is for the court "to use the Model Colloquy, which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal). Nevertheless, we further conclude that the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court